WILLIE WRIGHT, Individually and as Admr. of the Estate of DESSIE WRIGHT, Deceased, Plaintiff-Appellant, *v.* FRANK STECH, Defendant-Appellee.

(No. 56484;

First District—October 4, 1972.

Gordon & Brustin, Ltd., of Chicago, (Robert E. Gordon and George T. Murphy, of counsel,) for appellant.

Touhy and Martin, of Chicago, for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

This is a wrongful death action. Plaintiff, individually and as administrator of the estate of Dessie Wright, deceased, sought to recover damages caused by the alleged negligence of the defendant in maintaining a building in which the decedent worked. At the conclusion of the plaintiff's evidence on the issue of liability the court directed a verdict for the defendant. Judgment was entered on the verdict, and plaintiff appealed. The sole issue presented on appeal is whether the court erred in directing the verdict for defendant.

In May and June of 1966, Dessie Wright, the decedent, was employed during the day as a domestic and baby sitter by one Christine White, who resided on the third floor of an apartment building located at 6310 South Marshfield Avenue in Chicago. The building was owned by the defendant, Frank Stech.

Access to Mrs. White's apartment was by a stairway, which extended from the front door of the building to the front door of the apartment. There were landings midway between each floor, and each course of stairs contained eight steps. The steps were covered with garbage and debris, and the stairway was dimly lighted, the only illumination being provided by natural light from a partially blocked overhead skylight. An electric light fixture would have provided additional illumination; however, it contained no bulb.

On June 9, the day in question, Mrs. White returned to her apartment around 4:30 in the afternoon. She had a short conversation with the decedent, who then left the apartment. She heard the decedent descend two or three stairs, then heard a loud thump. Running out of her apartment, she saw the decedent lying on the landing between the second and third floors. Decedent told Mrs. White that she had fallen down the stairs and that her hips and legs hurt. Subsequently, the decedent died, allegedly as a result of the injuries, which aggravated a leukemia condition.

In *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill.2d 494, 510, 229 N.E.2d 504, 513-14, the Illinois Supreme Court announced the standard to be followed in directing verdicts:

> "In our Judgment verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

This standard has been applied consistently by the Illinois courts since the decision of *Pedrick*.

Virtually all of the plaintiff's evidence was provided by the testimony of Christine White, who testified as to the condition of the stairway on June 9 and the events immediately preceding and following the fall. She also testified that she had employed the decedent for approximately three weeks prior to June 9 and that the decedent was "terrific" in performing her duties as a babysitter and cleaning woman. No direct evidence of the circumstances surrounding the fall was available, as there were no eyewitnesses to it. The question presently before this court then is whether the testimony of Christine White, when viewed in its aspect most favorable to the plaintiff, so overwhelmingly favors the defendant that no verdict for the plaintiff could ever stand.

There can be no question that from the testimony concerning the condition of the stairwell and stairs on the day of the fall the jury could have concluded that the defendant was negligent in maintaining them. The stairs were littered with garbage and debris and had been for some time. The stairwell was dark, the only illumination being provided by the skylight, which was also partially covered with debris. The electric light fixture intended to provide additional illumination was inoperative.

■■ A more difficult question is whether the jury could have found that the decedent's fall resulted from the defendant's negligence. There was no eyewitness to the fall and hence no direct evidence concerning its cause. However, it is not essential that causation be shown by direct evidence; it may be established by facts and circumstances which, in the light of ordinary experience, reasonably suggest that the defendant's negligence operated to produce the injury. *Lindroth v. Walgreen Co.* (1950), 407 Ill. 121, 131-34, 94 N.E.2d 847, 851-53; *Holsman v. Darling State Street Corp.* (1955), 6 Ill.App.2d 517, 523-24, 128 N.E.2d 581, 584-85.

Here the decedent, apparently in good health, set out to leave Christine White's apartment after completing her day's work. The only way in which she could have reached the ground floor was by descending the stairs. The stairwell was dark and the stairs littered with debris. Immediately after the decedent left the apartment Christine White heard the sound of her feet on the steps and the loud thump and saw the decedent lying on the landing at the bottom of the stairs. From these facts the jury could reasonably have concluded that the decedent fell down the stairs and that her fall was caused by the littered condition of the stairway and the darkness of the stairwell.

■■ It is not necessary that this conclusion be the only one which could reasonably follow from the evidence; nor does it matter that other con-

clusions would be more reasonable. The test is whether the conclusion required, that the plaintiff's injury was the proximate result of the defendant's negligence, could reasonably be inferred from the evidence. (*Tennant v. Peoria & Pekin Union Ry. Co.* (1944), 321 U.S. 29, 35; *Lindroth v. Walgreen Co.* (1950), 407 Ill. 121, 135, 94 N.E.2d 847, 854.) Here the testimony of Christine White, taken in its aspect most favorable to the plaintiff, was such, that had the case been submitted to the jury and had it returned a verdict for the plaintiff, we cannot say that such a verdict could never stand.

For the foregoing reasons, the judgment of the trial court is reversed and the cause remanded for a new trial.

Reversed and remanded.

DIERINGER, P. J., and ADESKO, J., concur.