ERIN KOUKOULOMATIS, a Minor, by Carole Koukoulomatis, her Mother and Next Friend, Plaintiff-Appellant, *v.* DISCO WHEELS, INC., Defendant-Appellee.

First District (5th Division)   No. 83—1713

Opinion filed August 24, 1984.

Berry and Gore, Ltd., of Chicago (Alan M. Katz and Gregory R. Sun, of counsel), for appellant.

Orner, Wasserman & Moore, Ltd., of Chicago (Norton Wasserman and Esther Joy Schwartz, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Minor plaintiff, Erin Koukoulomatis, by her mother, appeals the denial of her request to compel discovery and the entry of a summary

judgment in favor of defendant, Disco Wheels, Inc. Plaintiff originally brought suit against defendant to recover damages for personal injuries suffered when she fell while roller skating on a carpeted hallway in defendant's roller rink. On appeal, plaintiff contends that: (1) the trial court erred in denying her the opportunity to conduct discovery; (2) the trial court erred in striking her Rule 191(b) affidavit filed in opposition to defendant's summary judgment motion; (3) the trial court was improperly influenced by extraneous matters relating to plaintiff's counsel's alleged method of practice; (4) the trial court erred in relying upon an invalid deposition excerpt in reaching its summary judgment determination; and (5) the existence of genuine issues of material fact together with defendant's inability to prove that plaintiff could not prevail preclude the entry of a summary judgment. For the reasons that follow, we affirm the decision of the circuit court.

In her complaint filed on March 27, 1981, plaintiff alleged that on October 14, 1979, while she was in the exercise of due care as a paying customer inside the premises of defendant's roller rink, defendant's careless and negligent acts or omissions, or both, with respect to the maintenance of the carpeted hallway in the roller rink caused her to fall and to sustain internal and external injuries.

In its answer filed June 3, 1981, defendant denied the allegations of negligence and further alleged the affirmative defense of assumption of risk, stating that when plaintiff entered into an agreement with defendant to participate in roller skating activities on defendant's premises, she assumed the risk of injuries due to falls which ordinarily accompany roller skating activities. Defendant also filed interrogatories to be answered by plaintiff as well as a standard request for production of documents, objects and other tangible things.

In her answers to defendant's interrogatories, filed November 4, 1981, plaintiff named Charmaine and Laura Buskus, her aunt and cousin, as witnesses to the accident. On February 8, 1983, after having taken the depositions of plaintiff and both named witnesses, defendant filed a motion for summary judgment, supported by the affidavit of one of its attorneys which referred to certain portions of plaintiff's attached deposition excerpt. Defendant alleged that, based upon plaintiff's deposition testimony, there were no genuine issues of material fact as to defendant's negligence. Plaintiff was given until March 7, 1983, to respond and a hearing on the motion was set for March 24, 1983. The record indicates that plaintiff failed to file a response by the court-ordered date or to initiate any discovery. The two-year period for discovery lapsed on March 27, 1983 (circuit court rule 3.3), without plaintiff having made any attempt to commence discovery. The fol-

lowing day, when the cause came on to be heard in the mediation division for fast-track pretrial, plaintiff did not request the court to grant an extension of time for discovery. Defendant's motion for summary judgment was then transferred to the trial call for hearing, and plaintiff was granted an additional 21 days (until April 18, 1983) within which to respond. Once again, plaintiff failed to respond by the court-ordered extended deadline. On April 28, 1983, plaintiff filed an affidavit pursuant to Supreme Court Rule 191(b) (Rule 191(b) affidavit) (87 Ill. 2d R. 191(b)), signed by one of plaintiff's attorneys, stating that special interrogatories, production of documents and depositions of defendant's employees were necessary to respond properly to defendant's motion for summary judgment. Thereafter, on May 6 and 9, 1983, plaintiff filed, without leave of court, special interrogatories, a notice to produce, a motion requesting that defendant be required to respond to these discovery requests, a standard order for production of documents and standard defendant interrogatories.

Following a hearing on defendant's motion for summary judgment and on plaintiff's motion to compel compliance with discovery requests, the trial court entered an order striking plaintiff's Rule 191(b) affidavit, denying her motion to compel compliance and granting defendant's motion for summary judgment. Subsequently, plaintiff filed a motion to vacate and for rehearing. Noting that there had been "zero discovery" conducted by plaintiff during the two-year discovery period, the trial court denied plaintiff's motion. This appeal followed.

OPINION

■ We first address plaintiff's contention that the trial court erred in denying her the opportunity to conduct discovery. The record does not support this contention. From March 27, 1981, the date on which the complaint was filed, until April 28, 1983, the date on which the Rule 191(b) affidavit was filed, plaintiff made no attempt to conduct discovery. Furthermore, she ignored two court-ordered response dates with respect to defendant's motion for summary judgment and made no attempt to secure an extension for discovery once the statutory period had expired. As an excuse for her inaction, plaintiff pleads "extraordinary circumstances" in the form of a settlement discussion, and cites several cases which held that the trial court's refusal to permit discovery was an abuse of discretion.

We fail to find that the requisite "extraordinary circumstances" necessary to secure a discovery extension existed in the present case and concur with the trial court's refusal to permit discovery. Pursuant to the affidavit attached to plaintiff's motion to vacate, defendant's

settlement offer was made "just prior" to the pretrial hearing which was held on March 28, 1983. Thus, by plaintiff's own admission, nearly two years had elapsed before the occurrence of the alleged "extraordinary circumstances," during which time plaintiff had made no attempt to conduct discovery. Plaintiff's contention that defendant would not be prejudiced by allowing a discovery extension is equally unpersuasive.

Finally, after careful review of those cases cited by plaintiff for the proposition that denial of discovery is an abuse of discretion, we conclude that they are factually inapposite and, consequently, are of no persuasive value. In *Dobbs v. Safeway Insurance Co.* (1978), 66 Ill. App. 3d 400, 384 N.E.2d 34, plaintiff had made several conscientious attempts to secure discovery, but was thwarted by defendant's failure to cooperate as well as by other matters outside of his control. In *Hanes v. Orr & Associates* (1977), 53 Ill. App. 3d 72, 368 N.E.2d 584, defendant refused to produce an essential employee for the purposes of plaintiff's deposition. In *Schrier v. Indiana Harbor Belt R.R. Co.* (1981), 102 Ill. App. 3d 855, 430 N.E.2d 204, plaintiff's deposition was covertly taken by defendant without notice to the third-party defendant from whom defendant was seeking indemnity. Finally, in *Slatten v. City of Chicago* (1973), 12 Ill. App. 3d 808, 299 N.E.2d 442, plaintiff's disregard of court orders and discovery rules, together with her failure to notify defendant of her presence in the city for purposes of taking a deposition, were directly responsible for defendant's delay in conducting discovery. In the present case, defendant was not responsible for plaintiff's delay.

■ Plaintiff further argues that her Rule 191(b) affidavit in opposition to defendant's motion for summary judgment was erroneously stricken. We disagree. Pursuant to Rule 191(b), an affidavit must contain the following information before the trial court is required to act upon it: (1) a statement that material facts are unavailable due to hostility or otherwise; (2) the names of those persons the affiant wants to depose; (3) a showing as to why affidavits could not be procured from those named persons; (4) a statement as to what those persons will testify; (5) the basis for the affiant's belief that those persons will so testify; and (6) the affiant must be a party to the action.

In the present case, plaintiff's Rule 191(b) affidavit is void of any of the required information and, as such, fails in its purpose. Therefore, we concur with the trial court's decision to strike the affidavit and to deny plaintiff's motion to compel discovery.

■ Next, plaintiff argues that the trial court allowed similar past practices of plaintiff's counsel to improperly influence his decision and

that the summary judgment order was tantamount to a sanction against her for failing to seek discovery earlier in the case. Specifically, plaintiff takes exception to comments made by the trial court during the hearing on the motion to vacate which referred to the numerous motions made by plaintiff's counsel in other cases for extensions to comply with discovery or to file answers to summary judgment motions. After a thorough review of the record, we do not find any evidence that the trial court had been improperly influenced by irrelevant considerations. Those comments which referred to plaintiff's counsel's method of practice were articulated after a well-reasoned decision had been rendered on the merits of defendant's motion for summary judgment and after the trial court had reiterated its position at the hearing on the motion to vacate. Furthermore, there is no evidence in the record that the summary judgment order was entered as a sanction for plaintiff's failure to demonstrate that genuine issues of material fact existed.

■ Plaintiff further argues that because the attachment of her deposition testimony to the summary judgment motion did not conform to the requirements of Supreme Court Rule 207 (Rule 207) (87 Ill. 2d R. 207), the trial court should not have accepted or considered the deposition excerpt.

Pursuant to Rule 207, a deposition must be: (1) signed by the deponent or contain a waiver of signature; (2) certified by the officer; and (3) promptly filed with the court. In the present case, it is undisputed that the deposition excerpt attached to defendant's motion for summary judgment did not conform to the aforementioned requirements. If plaintiff had timely filed a motion to suppress the deposition in accordance with Supreme Court Rule 211(d) (87 Ill. 2d R. 211(d)), such nonconformance likely would have resulted in the invalidity of the deposition for consideration by the trial court. (*Miscevich v. Commonwealth Edison Co.* (1982), 110 Ill. App. 3d 400, 403, 442 N.E.2d 338; *Bezin v. Ginsburg* (1978), 59 Ill. App. 3d 429, 436, 375 N.E.2d 468.) However, plaintiff failed to file the motion and, as a result, has waived any errors or irregularities in connection with the deposition. *Smith v. Ashley* (1975), 29 Ill. App. 3d 932, 934, 332 N.E.2d 32; see also *Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 588, 272 N.E.2d 497, *cert. denied* (1972), 408 U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2847.

■ Finally, plaintiff argues that the existence of genuine issues of material fact, together with defendant's inability to prove that plaintiff could not prevail, preclude the entry of a summary judgment. It is axiomatic that summary judgment should be granted only in those instances where there is no genuine issue of material fact. Further, when

facts contained in an affidavit in support of a motion for summary judgment are not contradicted by counteraffidavit, such facts are admitted and must be taken as true. *Prather v. Decatur Memorial Hospital* (1981), 95 Ill. App. 3d 470, 472, 420 N.E.2d 810.

■ In the present case, plaintiff has failed to contradict any of the allegations set forth in defendant's motion and supporting affidavit. Yet, when confronted with this fact, plaintiff ignores the obvious impact of her failure to respond and focuses instead on defendant's alleged inability to show that plaintiff can never prove her case. Contrary to plaintiff's position, it is not incumbent upon defendant to prove its case or to disprove plaintiff's case in a motion for summary judgment. Instead, defendant must establish that there is no genuine issue of material fact. In effect, plaintiff did this for defendant by failing to file a counteraffidavit. The mere fact that witnesses exist does not establish a genuine issue. If their testimony would have done so, affidavits to that effect should have been filed in answer to defendant's motion.

■ Plaintiff argues that defendant's right to summary judgment was not clear beyond question because plaintiff's deposition excerpt did not "constitute a clear and unequivocal admission that she does not know" what caused her to fall. We agree that plaintiff's comment that the carpet "[m]ust have gone up a little bit that I tripped over it" indicates that she did not know with certainty the cause of her fall. However, we find that this uncertainty hinders, rather than helps, plaintiff's position. Plaintiff's allegations of negligence are grounded solely on her speculation that something must have been wrong with the roller rink carpeting. It is well established that mere conjecture or surmise is insufficient to establish a genuine issue as to negligence. (See *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813, 817, 416 N.E.2d 328.) In order to prevent the entry of a summary judgment, the nonmoving party must present a *bona fide* factual defense and not hide behind equivocations and general denials. (*Wainscott v. Penikoff* (1936), 287 Ill. App. 78, 4 N.E.2d 511.) In our opinion, plaintiff has failed to meet this burden.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

MEJDA, P.J., and LORENZ, J., concur.