GLENN R. PEDERSEN, Plaintiff-Appellant, v. JOLIET PARK DISTRICT *et al.*, Defendants-Appellees.

Third District   No. 3—84—0531

Opinion filed August 30, 1985.

Susan E. Loggans & Associates, of Chicago, for appellant.

Ward G. Brown and Jay S. Judge, both of Judge & Knight, Ltd., of Park Ridge, for appellees.

JUSTICE BARRY delivered the opinion of the court:

Plaintiff Glenn R. Pedersen appeals from an order of the circuit court of Will County granting a motion for summary judgment in favor of defendants, Joliet Park District and Joliet School District No. 86, in a personal injury action arising out of plaintiff's fall to the floor during a basketball game at Raynor Park School in Joliet on March 13, 1982.

According to the allegations of the complaint filed in this cause, at the time of plaintiff's injury Raynor Park School was owned by Joliet School District No. 86 and was leased from the school district by Joliet Park District. The school gymnasium was open to the public for recreational use, and on March 13, 1982, plaintiff participated in a game of basketball at the Raynor Park School gym with several other men. During the course of the game, plaintiff jumped up in the air to catch a pass, and when he came down with the ball, he fell to the floor with a terrible pain in one leg. Plaintiff was 34 years old at the time, and the injury involved a torn ligament in his knee.

In plaintiff's complaint, he alleged that the defendants were negligent in inadequately and improperly maintaining and cleaning the

gymnasium floor, in creating a dangerous condition by failing to clean the floor properly, and in failing to warn of the dangerous condition. Both defendants denied all allegations of negligence.

After rather extensive discovery by both sides, defendants filed a motion for summary judgment asserting, *inter alia*, that plaintiff had failed to establish that the alleged negligence of defendants was the proximate cause of his injury. Defendants attached to their motion excerpts from plaintiff's discovery deposition, the answers plaintiff had supplied to interrogatories, and the discovery deposition of John Whipple, who was one of the men playing basketball with plaintiff at the time he was injured.

Whipple did not see plaintiff fall and stated that he could not recall any dust on the gymnasium floor that day. Plaintiff's deposition indicated that when he fell, things happened so fast that he cannot recall just what caused him to fall. He stated that the floor did not have any visible defects, that it did not appear to be dusty, that it did not appear or feel slippery, and that it "seemed like it was in fairly good shape" and "it was fairly clean." Plaintiff was asked whether his shoes went out from under him as he came down from catching the ball, and he answered, "No, I don't believe so."

In responding to the summary judgment motion, plaintiff filed an affidavit in which he asserted that he had returned to the scene of his injury on March 13, 1984, in the company of his expert witness, J. M. Austin, and at that time, plaintiff began to remember that, on March 13, 1982, the tile surface of the gym floor was dusty and slippery. Plaintiff also filed an affidavit by Austin which stated that a tile surface is unacceptable as a floor for playing basketball, that waxing increases the hazards, and that the tile floor at the Raynor Park School is a dangerous condition.

During the argument on the summary judgment motion, plaintiff requested permission to file an affidavit by another witness who was present at the time of the injury, Mike Reddell, but the court refused to allow Reddell's affidavit to be filed. The court granted the motion for summary judgment in favor of defendants, and this appeal followed.

Plaintiff first contends that the trial court erred in granting the motion for summary judgment when there was a genuine issue as to a material fact. Plaintiff argues that an issue of fact exists concerning whether the dusty and slippery condition of the gym floor was the cause of plaintiff's injury. He maintains that it was not necessary that he produce direct evidence as to the cause of his fall; rather, the circumstantial evidence that the floor was tile, was slip-

pery and was in a dangerous condition and that plaintiff fell on that floor was sufficient to raise an issue of fact as to the cause of his injury.

■ The law of Illinois is well-established that a motion for summary judgment can only be granted where there are no genuine issues of material fact and where the right of the moving party is clear and free from doubt; however, where the pleadings, depositions and other evidence before the court show that a verdict would have to be directed, entry of summary judgment is proper. (*Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 272 N.E.2d 497, *cert. denied* (1972), 408 U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2847.) It is also well established that proximate cause is an essential element of plaintiff's case. In *Kimbrough v. Jewel Companies, Inc.* (1981), 92 Ill. App. 3d 813, 817, 416 N.E.2d 328, 331, the court said:

> "Liability cannot be predicated upon surmise or conjecture as to the cause of the injury; proximate cause can only be established when there is a reasonable certainty that defendant's acts caused the injury. [Citations.] No liability can exist unless the defendant's alleged negligence is the legal cause of the plaintiff's injury and if the plaintiff fails to establish the element of proximate cause, she has not sustained her burden of making a *prima facie* case and a directed verdict is proper."

Plaintiff argues that the decision in *Wright v. Stech* (1972), 7 Ill. App. 3d 1068, 288 N.E.2d 648, controls here. In *Wright*, there were no eyewitnesses who saw decedent fall on the dark littered stairway of the building owned by the defendant. The reviewing court reversed a directed verdict in favor of the defendant on the ground that the plaintiff had established causation "by facts and circumstances which, in the light of ordinary experience, reasonably suggest that the defendant's negligence operated to produce the injury." (7 Ill. App. 3d 1068, 1070, 288 N.E.2d 648, 650.) The case at bar can be distinguished from *Wright* and other cases where the injured person is dead and unable to describe what happened, thereby necessitating reliance upon unexplained circumstantial evidence.

■ Here we have direct evidence by plaintiff in his deposition that the gym floor was not slippery at the time he fell and that his feet did not slip out from under him when he came down from his jump-catch of the basketball. Thus, plaintiff's own account of the accident indicated that he did not slip on the floor. This is not, then, a case where plaintiff can be held to have established the element of causation by circumstantial evidence; rather, plaintiff has shown a lack of defendants' causation by his own direct evidence, uncontra-

dicted by any other witness.

■ There may be an issue of fact as to whether the gym floor was dusty and slippery that day, but we find unpersuasive the plaintiff's attempt to create an issue of fact by stating in his deposition that it was not dusty, and then by contradicting himself in a later affidavit. Plaintiff also argues that there is evidence that defendants applied wax and other conditioners to the tile floor, but nothing in the record on appeal supports that assertion. In any event, defendants are entitled to summary judgment because of plaintiff's failure to make a *prima facie* showing that defendants' alleged negligence was the proximate cause of his injury. The possible existence of an issue of fact as to some other element of plaintiff's case thus becomes immaterial.

■ Plaintiff also contends that the trial court erred in refusing to allow the affidavit of Mike Reddell to be filed during the hearing on the motion for summary judgment. Reddell was a participant in the game with plaintiff at the time of the injury, but apparently he was not located by plaintiff until the day before the summary judgment hearing. We need not consider the merits of plaintiff's argument on this question, however, since a perusal of the affidavit in question reveals that Reddell did not see plaintiff fall. His assertions relate solely to the condition of the gymnasium floor and do not shed any light on the issue of proximate cause. Hence, consideration of Reddell's affidavit would not affect defendants' right to summary judgment.

For the reasons stated, we affirm the judgment of the circuit court of Will County.

Affirmed.

HEIPLE, P.J., and WOMBACHER, J., concur.