CRAIG VOLLING, Plaintiff-Appellant, v. AMOCO CHEMICAL CORPORATION *et al.*, Defendants (Relco Locomotive, Inc., Defendant-Appellee).

Third District   No. 3—87—0010

Opinion filed August 13, 1987.

James M. Dupree, of Holstein, Mack & Dupree, of Chicago, for appellant.

Edward Rubin, John W. Bell, and Thomas H. Fegan, all of Johnson, Cusack & Bell, of Chicago, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

Plaintiff, Craig Volling, brought this action against defendants Amoco Chemical Corporation, a division of Standard Oil Indiana, Inc.; American Car Foundry Industries, Inc.; Amcar, a division of A.C.F. Inc.; and Relco Locomotive, Inc., seeking damages for injuries he sustained while working in the switchyard at the Amoco Chemical

Company plant in Channahon, Illinois.

On July 20, 1982, Volling, an employee of Joliet Manpower, Inc., was assigned to switching duties involving chemical hopper cars pulled by an engine which was leased to Amoco by defendant-appellee, Relco Locomotive, Inc., and which was operated by an Amoco employee. In attempting to climb aboard one of the hopper cars as it was moving, Volling fell under the car's wheels, sustaining severe injuries to his legs resulting in the amputation of both legs.

In January 1984, Volling filed a three-count complaint alleging (1) that Amoco failed to maintain its property and failed to adequately instruct Volling and other employees in proper switching operation procedures; (2) that American Foundry Industries, Inc., and Amcar improperly designed the chemical hopper cars used by Amoco and failed to give adequate warnings concerning their operation; and (3) that Relco Locomotive, Inc., failed to maintain and inspect the engine pulling the hopper car which injured Volling and, specifically, failed to maintain and inspect the engine's throttle.

After filing an answer denying any negligence or action causing or contributing to Volling's injuries, Relco filed a motion for summary judgment. In support of the motion, Relco submitted answers to interrogatories given to James Semple, the operator of the engine at the time of the incident, and an affidavit of Relco's vice-president of operations describing the inspection and maintenance history of the engine prior to and subsequent to the incident. Mr. Semple asserted in his answers to interrogatories that at the time of the incident the engine in general was operating properly, that he was neither applying the throttle nor the brakes when Volling fell from a hopper car, and that the engine's throttle and brakes were not malfunctioning. Relco's vice-president of operations stated in his affidavit that there were no problems with the engine's brakes or throttle on the day of the incident and that only standard maintenance had been performed on the engine prior to and subsequent to the incident.

In the hearing on Relco's motion for summary judgment, the trial court granted Volling's motion to strike the affidavit of Relco's vice-president as conclusory. After reviewing Semple's answers to the interrogatories, along with excerpts of his deposition testimony submitted in opposition to Relco's motion, the trial court then entered summary judgment for Relco on October 27, 1986.

Volling thereafter filed a motion to reconsider with the trial court and in support of his motion submitted a transcript of Semple's entire deposition, along with his complete deposition. In his motion,

Volling maintained the depositions revealed that genuine issues of material fact existed concerning Relco's negligence and that Semple was not competent to testify as to Relco's freedom from negligence concerning the maintenance and inspection of the engine. Volling did not request the trial court to strike Semple's answers prior to the entry of summary judgment when he challenged the affidavit of Relco's vice-president of operations.

The trial court denied Volling's motion to reconsider, refused to vacate its entry of summary judgment, and Volling brings the instant appeal. Volling requests this court to reverse the trial court's grant of summary judgment and its order denying his motion to reconsider. The issue presented for our review is whether the record before the trial court was sufficient at law to warrant and sustain the grant of summary judgment to Relco Locomotive, Inc.

▊▊ ▊ It is the well-settled law of this State that a party is entitled to a grant of summary judgment when the pleadings, depositions and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c); *Ruby v. Wayman* (1968), 99 Ill. App. 3d 146, 240 N.E.2d 699.) Further, when resisting a motion for summary judgment, a party is not required to prove his cause in hearing on the motion, but is required to present a sufficient factual basis to entitle him to a judgment. (*Koukoulomatis v. Disco Wheels, Inc.* (1984), 127 Ill. App. 3d 95, 468 N.E.2d 477; *Wooding v. L & J Press Corp.* (1981), 99 Ill. App. 3d 382, 425 N.E.2d 1055; *Conrad v. Christ Community Hospital* (1979), 77 Ill. App. 3d 337, 395 N.E.2d 1158.) Volling's complaint on its face initially raises an issue of material fact, to wit, whether Relco breached its duty to properly inspect and maintain the engine which was operated by Semple on the day Volling was injured. However, unless Volling can be found to have presented evidentiary facts which form a factual basis establishing a breach of duty and that the breach proximately caused Volling's injuries, Relco is entitled to summary judgment as a matter of law. *Golden v. Marshall Field & Co.* (1985), 134 Ill. App. 3d 100, 479 N.E.2d 1211; *Pedersen v. Joliet Park District* (1985), 136 Ill. App. 3d 172, 483 N.E.2d 21; *Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.

▊ In the hearing on Relco's motion for summary judgment, the trial court was presented with James Semple's uncontradicted answers to interrogatories stating affirmatively that the brakes and throttle of the engine operated properly the day of Volling's accident. Further, Semple asserted that he was not applying the engine's

brake or the throttle when Volling fell from a hopper car, nor did Volling come in contact with the engine when he was injured. In responding to Relco's motion, Volling did not move to strike the answers to the interrogatories, nor did he file with the court materials directly contradicting Semple's observations. After summary judgment was entered and on filing his motion to reconsider, Volling challenged Semple's answers to the interrogatories contending the answers were conclusory in nature and form and that Semple was not competent to render the answers.

Our review of the record reveals the answers given by Semple relating to his operation of the throttle and brake at the time of the incident, and his observation of their functioning, are clearly within his competency to render and are properly considered direct observations of the engine's performance furnished by an occurrence witness. Therefore they are admissible for consideration by the trial court in hearing a motion for summary judgment.

■ In challenging Semple's competency to answer the interrogatories directed to him, we find Volling's presentment of excerpts from Sample's deposition which address his training on and knowledge of Relco's engine go to the issue of his competency to render expert opinion testimony, not occurrence testimony. The excerpts do not contradict Semple's observations nor can they, along with Volling's deposition testimony, be found to amount to a presentment of facts and evidence supporting his claim that Relco improperly inspected and maintained the engine and was therefore liable for his injuries.

In filing his motion to reconsider, Volling submitted his deposition and that of Semple, each in their entirety. The trial court found that the complete depositions did not justify a reconsideration of its entry of summary judgment. We find no error in the trial court's conclusion that Volling's deposition does not sufficiently conflict with Semple's to establish a genuine issue of material fact concerning Relco's alleged negligence.

■ This court is mindful that summary judgment is a drastic remedy to be cautiously applied. We find, however, that Volling has presented no genuine issue of material fact entitling him to judgment against Relco under applicable law. The record presented to the trial court failed to demonstrate that Volling could show negligent acts or omissions by Relco which caused or contributed to Volling's injuries. (*Hill v. Lutheran Hospital* (1978), 58 Ill. App. 3d 1003, 374 N.E.2d 1147.) We therefore affirm the trial court's entry of summary judgment in favor of Relco Locomotive, Inc., and the trial court's denial

of Volling's motion to reconsider.

Accordingly, the summary judgment entered by the circuit court of Will County is affirmed.

Affirmed.

HEIPLE and WOMBACHER, JJ., concur.