ROSE CANZONERI, Plaintiff-Appellant, v. THE VILLAGE OF FRANK-
LIN PARK, Defendant-Appellee.

First District (1st Division)   No. 86—1389

Opinion filed September 14, 1987.

34

Spina, McGuire & Okal, P.C., of Chicago (Timothy H. Okal, of counsel), for appellant.

Judge & Knight, Ltd., of Chicago (Gregory G. Lawton and Steven P. Polick, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Rose Canzoneri, appeals from an order granting summary judgment in favor of defendant, the village of Franklin Park, in a negligence action which sought damages for personal injuries sustained by plaintiff when she fell on an allegedly broken section of public sidewalk. On appeal, plaintiff contends that the trial court erred: (1) in striking her counteraffidavit on the ground that it contradicted her prior deposition testimony; (2) in striking the counteraffidavit of her counsel for failure to comply with Supreme Court Rule 191(a) (107 Ill. 2d R. 191(a)); and (3) in granting defendant's motion for summary

judgment. For the following reasons, we affirm in part, reverse in part, and remand for a trial on the merits.

The pleadings indicate that on October 5, 1982, plaintiff, approximately 76 years old at the time, was walking on the public sidewalk which ran parallel to Franklin Avenue in Franklin Park when she stepped on a piece of broken sidewalk and fell to the ground, suffering a fractured hip as the result. A passing truck driver saw plaintiff lying on the ground and summoned paramedics, who administered aid at the scene and then transported plaintiff to a nearby hospital.

On March 4, 1983, plaintiff filed a cause of action against defendant, alleging negligence and requesting damages in excess of $15,000. In its answer, defendant alleged, *inter alia*, that it owned, managed, maintained and controlled only a certain portion of sidewalks which ran parallel to Franklin Avenue, and denied liability. Defendant did not specifically deny that it owned, managed, maintained and controlled that section of sidewalk where plaintiff had fallen. Thereafter, in June 1985 defendant moved for summary judgment,[1] purportedly alleging that plaintiff's discovery deposition taken on March 25, 1985, failed to support the issues raised in the pleadings. Plaintiff filed an objection to the motion and attached her own counteraffidavit as well as the counteraffidavit of her counsel. In her counteraffidavit, plaintiff stated that she fell when a piece of broken sidewalk moved under her feet. She stated that she had neither stepped into a hole nor slipped or tripped on the sidewalk. The counteraffidavit of plaintiff's counsel referred to two exhibits attached thereto. The first was a report from the Franklin Park fire department detailing the aid given by the paramedic to plaintiff on the day of the injury. The second exhibit was a page from an Illinois Bell telephone book which indicated the address of a restaurant to which plaintiff had referred in her deposition when describing the location of her fall.

Defendant moved to strike the counteraffidavits on the grounds that: (1) plaintiff's counteraffidavit contradicted admissions made during her discovery deposition; and (2) the counteraffidavit of plaintiff's counsel failed to comply with Supreme Court Rule 191(a). The trial court granted defendant's motion to strike the counteraffidavits as well as its motion for summary judgment. Plaintiff's appeal followed.

■ Plaintiff first contends that the trial court erred in striking her counteraffidavit on the ground that it contradicted her prior deposition testimony. Plaintiff argues that in both her deposition and her counteraffidavit, she testified to the existence of a material defect

---

[1]Defendant's motion for summary judgment is not contained in the record.

in the sidewalk which had caused her to fall.

In striking plaintiff's counteraffidavit, the trial court found *Pedersen v. Joliet Park District* (1985), 136 Ill. App. 3d 172, 483 N.E.2d 21, dispositive of the issue. In *Pedersen*, plaintiff, age 34, was injured while playing basketball with some other adults at a school gymnasium which was open to the public for recreational use. Plaintiff filed an action in negligence alleging that defendants had been negligent in maintaining and cleaning the gymnasium floor.

Defendants moved for summary judgment, maintaining that plaintiff had failed to establish that the alleged negligence was the proximate result of his injuries. In support of their motion, defendants attached excerpts of plaintiff's discovery deposition which stated that: (1) plaintiff could not recall what had caused him to fall; (2) the gymnasium floor had had no visible defects; (3) the floor had not appeared dusty or slippery; and (4) the floor appeared to have been in fairly good shape and had been fairly clean.

In response to the motion for summary judgment, plaintiff attached an affidavit in which he asserted that when he had returned to the gymnasium two years after the accident, he recalled that the floor surface had been dusty and slippery at the time of the accident. The trial court granted summary judgment and the appellate court affirmed, stating that it found unpersuasive plaintiff's attempt to create an issue of fact by filing an affidavit which contradicted his deposition.

In the present case, plaintiff argues that there is nothing in her affidavit which contradicts her deposition testimony. Defendant, on the other hand, contends that plaintiff's affidavit contradicted deliberate and unequivocal admissions made under oath at the discovery deposition. Specifically, defendant claims that "the issue as to the cause and location of her accident were removed from contention by the plaintiff's assertions that she did not remember what had caused her to fall, or more importantly, did not know what had caused her to fall."

The record does not support defendant's argument. A review of plaintiff's deposition testimony indicates that she had a difficult time understanding questions and recalling specific details of the accident. However, she repeatedly stated that the broken sidewalk on Franklin Avenue had caused her to fall. Further, she was adamant in her deposition that she had not tripped or slipped and that there had not been a hole or a raised section in the sidewalk. It was simply "broken." Similarly, in her counteraffidavit, plaintiff reiterated that she had been walking on a sidewalk on Franklin Avenue, and that a por-

tion of the sidewalk had been broken into small pieces. She further reiterated that she had not stepped into a hole, slipped or tripped. We agree with plaintiff that the counteraffidavit did not contradict the deposition. Instead, the counteraffidavit added information as to how the sidewalk had moved when she had stepped on it, causing her to fall. Contrary to defendant's position, we do not find that this new information contradicted any earlier statements. In fact, we find that it conforms to her original description of the sidewalk as "broken." Because plaintiff's counteraffidavit did not contradict the deposition testimony, but only added to or amplified information already introduced in the deposition, we find that *Pedersen* is factually inapposite and conclude that the trial court erred in striking plaintiff's counteraffidavit.

■ Plaintiff next contends that the trial court erred in striking the counteraffidavit of her counsel for failure to comply with Supreme Court Rule 191(a). Rule 191(a) provides that affidavits in support of and in opposition to motions for summary judgment

> "shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto." 107 Ill. 2d R. 191(a).

In the present case, plaintiff's counsel attached the report from the Franklin Park fire department detailing plaintiff's condition and the aid given to her by the paramedics at the scene of the accident plus a page from an Illinois Bell telephone book, indicating the address of a restaurant to which plaintiff had referred in describing the location of her fall. Both exhibits were referenced in the counteraffidavit. However, neither exhibit had been sworn to or certified.

Defendant contends that the counteraffidavit violates Rule 191(a) on the grounds that: (1) it fails to indicate that the representations were made on affiant's personal knowledge; (2) it contains conclusory representations; (3) it fails to state the basis for affiant's competency to testify as to the representations; and (4) it contains unsworn and uncertified exhibits. Accordingly, defendant maintains that the counteraffidavit was properly struck.

In light of the general principle that when an affidavit contains references to the exhibits attached thereto the exhibits are considered verified (*LaMonte v. City of Belleville* (1976), 41 Ill. App. 3d 697, 355

N.E.2d 70; *Ragen v. Wolfner* (1963), 43 Ill. App. 2d 70, 192 N.E.2d 560), we do not find that the lack of individual certification presents a material defect. However, we do find that the absence of any statement indicating that counsel had personal knowledge of the information contained in the fire department's report presents a material defect. For that reason, we agree with the trial court's determination that counsel's affidavit failed to comply with Rule 191(a). Accordingly, we affirm that portion of the trial court's order which struck counsel's affidavit. See *Shearer v. Klostermann* (1967), 89 Ill. App. 2d 239, 231 N.E.2d 470.

■■■ Next, plaintiff argues that she had adduced evidence which created a genuine issue of material fact as to the proximate cause of her accident which was sufficient to defeat a summary judgment action. A motion for summary judgment can only be granted where there are no genuine issues of material fact and where the right of the moving party is clear and free from doubt. (*Pedersen v. Joliet Park District* (1985), 136 Ill. App. 3d 172, 483 N.E.2d 21; *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813, 416 N.E.2d 328.) A determination as to proximate cause cannot be predicated upon surmise or conjecture as to the cause of the injury. It can only be established by a showing of reasonable certainty that defendant's acts caused the injury. *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813, 817, 416 N.E.2d 328.

In the present case, plaintiff argues that there is sufficient evidence as to the existence of the sidewalk defect and the circumstances of plaintiff's fall and resulting injuries to sustain a reasonable inference that the defect was the proximate cause of plaintiff's injuries. Defendant, however, contends that plaintiff failed to establish defendant's duty to maintain the sidewalk; failed to establish with reasonable certainty the location of the accident; and did not recall what had caused her to fall.

■■ First, in our view, there is insufficient evidence in the record to determine whether defendant has a duty to maintain that portion of the public sidewalk on which plaintiff fell. In her complaint, plaintiff alleged that defendant had the duty. In its answer, defendant admitted that it "owned, maintained, managed and controlled a certain portion of certain sidewalks parallel to Franklin Avenue," but never specifically denied or admitted to having a duty with respect to the area of sidewalk in question. With additional information, this matter could likely be resolved as a matter of law. However, the necessary information is not in the record, and, in our view, the absence of that duty is neither clear nor free from doubt so as to warrant summary

judgment.

■ Second, with respect to defendant's allegation that the location of the accident has never been established with reasonable certainty, interrogatory No. 33 answered by plaintiff states that the accident occurred: "On Franklin Avenue at Calwagner, 9664 Franklin Avenue, Franklin Park, Illinois." It is difficult to imagine how more certain as to location the plaintiff could have been. While it is true that during her deposition plaintiff showed signs of confusion and did not state the address at that time, she knew it was within two blocks of her apartment building, near the corner on which the Four Seasons Restaurant was located.

■ Finally, defendant claims that plaintiff did not know what had caused her fall. We disagree. Plaintiff stated several times in her deposition and reiterated the point in her affidavit that the broken sidewalk had caused her fall. Plaintiff specifically denied tripping or slipping, and stated unequivocally that there was no hole or raised section in the sidewalk. Accordingly, contrary to defendant's position, we find that a reasonable certainty does exist that the defective sidewalk caused the injury. Therefore, we conclude that the right to summary judgment is not free and clear from doubt and should not have been granted.

Further, in our view, the case which the trial court found to be remarkably similar to the facts at bar, *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813, 416 N.E.2d 328, is factually inapposite. In *Kimbrough*, plaintiff fell on a ramp as she left a Jewel store, and, although there were grease spots on the ramp, she did not know why she had fallen or even if she had slipped on the grease. The court held that because a causal connection had not been established between her fall and any condition under defendant's control, summary judgment in favor of defendant was proper. The lack of an identifiable defect was the determinative factor in *Kimbrough*. Contrary to *Kimbrough*, in the present case plaintiff specifically pointed to a defect which she claimed had caused her to fall.

In addition, defendant's reliance on *Monaghan v. DiPaulo Construction Co.* (1986), 140 Ill. App. 3d 921, 489 N.E.2d 409, *Pedersen v. Joliet Park District* (1985), 136 Ill. App. 3d 172, 483 N.E.2d 21, *Koukoulomatis v. Disco Wheels, Inc.* (1984), 127 Ill. App. 3d 95, 468 N.E.2d 477, *Truelsen v. Levin* (1974), 24 Ill. App. 3d 733, 321 N.E.2d 528, and *Brett v. F. W. Woolworth Co.* (1972), 8 Ill. App. 3d 334, 290 N.E.2d 712, as support for its contention that plaintiff had failed to adduce sufficient evidence which would create a genuine issue as to proximate cause, is misplaced.

In *Monaghan*, a summary judgment was entered for the city of Park Ridge in a personal injury action. At approximately 8:30 p.m., plaintiff was returning on his motorcycle from a tavern-sponsored picnic when he was thrown off the cycle and injured. The pleadings indicated that plaintiff had no recollection of the occurrence. The sole occurrence witness heard the motorcycle and then saw the motorcycle and plaintiff flying through the air. However, the occurrence witness had not seen the motorcycle strike anything to precipitate the accident. Plaintiff claimed that he had struck a median strip which had been improperly illuminated and protected. Relying on *Kimbrough*, the *Monaghan* reviewing court affirmed the entry of summary judgment on the ground that there was no connection established between the occurrence and any of the alleged breaches of duty owed by Park Ridge. The *Monaghan* court stated, "We reach this conclusion because plaintiff had no memory of the accident and admitted that he did not know how it happened and did not know whether he struck the median strip or anything else ***." *Monaghan v. DiPaulo Construction Co.* (1986), 140 Ill. App. 3d 921, 924, 489 N.E.2d 409.

In *Pedersen v. Joliet Park District* (1985), 136 Ill. App. 3d 172, 483 N.E.2d 21, previously discussed, plaintiff was injured while playing basketball. In his deposition, plaintiff indicated that he did not know what had caused him to fall and that the gymnasium floor had not had any visible defects. The appellate court affirmed summary judgment for defendant, noting that there was direct evidence by plaintiff "that the gym floor was not slippery at the time he fell and that his feet did not slip out from under him when he came down from his jump-catch of the basketball." 136 Ill. App. 3d 172, 175, 483 N.E.2d 21.

In *Koukoulomatis v. Disco Wheels, Inc.* (1984), 127 Ill. App. 3d 95, 468 N.E.2d 477, plaintiff filed a cause of action seeking damages for injuries suffered when she fell while roller skating on a carpeted hallway in defendant's roller rink. Plaintiff did not know what caused the fall, and merely speculated that she must have tripped over a bulge in the carpet. However, there was no evidence that such a bulge had ever existed. The appellate court affirmed summary judgment in favor of defendant on the ground that plaintiff's case was predicated solely on conjecture and speculation.

The next three cases relied upon by defendant concern either directed verdicts or judgment notwithstanding the verdict. In *Truelsen v. Levin* (1974), 24 Ill. App. 3d 733, 321 N.E.2d 528, plaintiff-decedent had been employed as a baby-sitter at defendant's home when she fell and was injured. The complaint alleged that the defendants

carelessly and negligently maintained a dishwasher in the kitchen in such a condition that it leaked water onto the floor. Consequently, defendants kept a small rug in front of the dishwasher, over which plaintiff tripped and fell. There were no witnesses to the accident. Plaintiff was taken by fire department ambulance to the hospital, where she died following surgery several days later. The appellate court affirmed the directed verdict for defendant on the ground that there was no evidence that the floor was wet at the time of the accident or that the rug was on the floor when the fire department arrived, *i.e.*, there was no evidence of a defect.

In *Brett v. F. W. Woolworth Co.* (1972), 8 Ill. App. 3d 334, 290 N.E.2d 712, plaintiff sought to recover damages for injuries sustained when she tripped and fell in defendant's store. The jury returned a verdict in favor of plaintiff, and the trial court entered judgment notwithstanding the verdict for defendant. The appellate court affirmed on the ground that no evidence was introduced as to a defect that had caused plaintiff to fall.

Finally, in *Wall v. McGavock* (1971), 132 Ill. App. 2d 231, 267 N.E.2d 765, plaintiff sought damages for injuries to her minor son, purportedly caused by the son's roughhousing with Tinkertoys while he was under defendant's care. The appellate court affirmed the directed verdict for defendant on the grounds that there was no direct testimony as to the occurrence and that liability cannot be based on mere conjecture and speculation.

■ The pivotal distinction between the six above-cited cases relied upon by defendant and the case at bar is the lack of an identifiable defect in the cited cases and the presence of a clearly described defect in the case at bar. In the present case, it is undisputed that the sidewalk was "broken"; plaintiff indicated the location of the defect with an address and testimony by the paramedic at trial would likely verify the location at which plaintiff was found. Further, it is not essential that causation be shown by direct evidence. Causation may be established by facts and circumstances which, in the light of ordinary experience, reasonably suggest that the defendant's negligence operated to produce the injury. (*Wright v. Stech* (1972), 7 Ill. App. 3d 1068, 288 N.E.2d 648.) It is also not necessary that only one conclusion follow from the evidence. Rather, it is only necessary that right to summary judgment be clear and free from doubt. (*Pedersen v. Joliet Park District* (1985), 136 Ill. App. 3d 172, 483 N.E.2d 21.) In the present case, given the circumstantial evidence and plaintiff's direct testimony in the form of interrogatories and deposition, we conclude that defendant's right to summary judgment is not clear and

free from doubt and plaintiff should be given the opportunity to have a trial on the merits.

Based upon the aforementioned, we affirm that part of the trial court's order which struck plaintiff's counsel's counteraffidavit; reverse those parts of the order which struck plaintiff's counteraffidavit and which granted defendant's motion for summary judgment; and remand the cause for a trial on the merits.

Affirmed in part; reversed in part; and remanded for a trial on the merits.

QUINLAN, P.J., and BUCKLEY, J., concur.