# Illinois Official Reports

## Appellate Court

***Barclay v. Yoakum*, 2019 IL App (2d) 170962**

| | |
|---|---|
| Appellate Court Caption | RODNEY BARCLAY, Individually and as Independent Administrator of the Estate of Joel Barclay, Deceased, Plaintiff-Appellant, v. LORAN YOAKUM; MARY SIEBERT; GREATBANC TRUST COMPANY, as Trustee Under Trust Agreement Dated March 17, 1981, and Known as Trust No. 5106; and NORTH STAR TRUST COMPANY, as Successor Trustee Under Trust Agreement Dated March 17, 1981, and Known as Trust No. 5106, Defendants (Loran Yoakum and Mary Siebert, Defendants-Appellees). |
| District & No. | Second District<br>Docket No. 2-17-0962 |
| Filed | January 24, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 14-L-189; the Hon. Susan Clancy Boles, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Joseph G. Howard, of Law Offices of Joseph G. Howard, P.C., of Chicago, for appellant.<br><br>John B. Higgins and Brittany A. Coyle, of Higgins & Burke, P.C., of St. Charles, for appellees. |

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Presiding Justice Birkett and Justice Spence concurred in the judgment and opinion.

**OPINION**

¶ 1     After the decedent, Joel Barclay, fell from the second-story walkway of an apartment building owned by defendants, Loran Yoakum and Mary Siebert, plaintiff, Rodney Barclay, individually and as independent administrator of Joel Barclay's estate, brought this action for negligence (wrongful death and survival). The circuit court of Kane County entered summary judgment in favor of defendants. On appeal, plaintiff argues that a question of fact as to whether the height of the walkway railing proximately caused the decedent's fall precluded summary judgment. For the reasons that follow, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3     Around midnight on June 2, 2012, tenants of a second-story apartment observed the decedent, apparently intoxicated, walking on the apartment building's second-story walkway. The tenants went inside their apartment, closing only the screen door. After 5 or 10 minutes had passed, one of the tenants heard what sounded like something hitting the ground. Upon investigating, the tenant saw the decedent lying on the ground below the walkway with blood on his head. Emergency services arrived rapidly on the scene and transported the decedent to a hospital, where he was pronounced brain-dead the next day.

¶ 4     Law enforcement's investigation determined that no one else was present when the decedent fell and that no crime had been committed. The coroner's report indicated that the decedent had a blood-ethanol level of 0.293 near the time of his death.

¶ 5     On August 27, 2014, plaintiff filed a first amended complaint against defendants and their trust companies. The complaint stated causes of action for negligence (wrongful death and survival), alleging, *inter alia*, that defendants "permitted an inadequate handrail to be in place on the second floor walkway" of the premises. In support, plaintiff submitted the reports of two experts, one of whom was also deposed. One expert opined that the walkway railing was 8 inches below the 42-inch height the building code required at the time of the fall and 2 inches below the 36-inch height the building code required when the building was built. The other expert opined that the decedent, whose center of body mass was higher than the 34-inch railing, staggered into the railing and pitched over it. In the expert's opinion, had the railing been 42 inches high, it would have served its intended purpose and prevented the decedent from falling off the walkway.

¶ 6     Defendants moved for summary judgment on the ground that plaintiff had failed to establish that the decedent's fall and resulting death were proximately caused by the alleged unsafe condition of defendants' premises. The motion was granted, and plaintiff's motion for reconsideration was denied. Plaintiff voluntarily dismissed the two trust-company defendants and filed this appeal.

## II. ANALYSIS

A motion for summary judgment should be granted when the pleadings, depositions, and affidavits reveal that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2016); *Balla v. Gambro, Inc.*, 145 Ill. 2d 492, 508 (1991). To avoid summary judgment, the nonmovant must present some factual basis that could arguably entitle him to judgment. *Harris Bank Hinsdale, N.A. v. Caliendo*, 235 Ill. App. 3d 1013, 1024 (1992). The nonmovant has the burden of providing a factual basis on which to assert each element of a cause of action in negligence, including proximate cause. *Glass v. Morgan Guaranty Trust Co.*, 238 Ill. App. 3d 355, 357 (1992).

Although proximate cause is generally an issue of material fact, to be determined by the trier of fact, proximate cause may be determined as a matter of law where the facts show that the plaintiff would never be entitled to recover. *Abrams v. City of Chicago*, 211 Ill. 2d 251, 257-58 (2004). Proximate cause need not be proved with direct evidence. *Canzoneri v. Village of Franklin Park*, 161 Ill. App. 3d 33, 41 (1987). Rather, causation may be established by facts and circumstances that, in light of ordinary experience, reasonably suggest that the defendant's negligence produced the plaintiff's injury. *Id.* That said, proximate cause cannot be predicated on surmise or conjecture, and therefore, causation will lie only when there exists a reasonable certainty that the defendant's acts caused the injury. *Wiegman v. Hitch-Inn Post of Libertyville, Inc.*, 308 Ill. App. 3d 789, 795 (1999). If the plaintiff cannot identify the cause of his injury or can only guess as to the cause, a court cannot find the defendant liable for negligence. *Kimbrough v. Jewel Cos.*, 92 Ill. App. 3d 813, 817 (1981).

Plaintiff argues that he presented sufficient circumstantial and expert evidence to create an issue of material fact as to causation. Specifically, plaintiff relies on the eyewitnesses' testimony that the decedent was apparently intoxicated and walking on the walkway and, 5 or 10 minutes later, was on the ground with blood on his head. Plaintiff also relies on the reports and deposition testimony of his experts, who opined that the walkway railing was 8 inches below the 42-inch height the building code required at the time of the fall and 2 inches below the 36-inch height the building code required when the building was built; that the decedent, whose center of body mass was higher than the 34-inch railing, staggered into the railing and pitched over it; and that the railing, if it had been 42 inches high, would have served its intended purpose and prevented the decedent from falling off the walkway.

Plaintiff's evidence is insufficient to preclude summary judgment on the issue of whether defendants' negligence caused the decedent's fall. Plaintiff identified no eyewitness to the fall. The eyewitnesses' testimony about circumstances before and after the fall sheds no light on what *caused* the fall. See *Strutz v. Vicere*, 389 Ill. App. 3d 676, 681 (2009) (where "none of the testimony and affidavits addresse[d] the issue of what caused [the decedent's] fall," summary judgment was properly entered for the defendants).

An expert purported to address the cause of the decedent's fall, opining that the substandard height of the walkway railing "caused" the fall because the decedent "pitched" over it when he staggered into it. This opinion, however, presents only a possibility of what occurred before the decedent was discovered on the ground beneath the walkway; it is, therefore, insufficient to establish proximate cause. See *Strutz*, 389 Ill. App. 3d at 681 ("The possibility that the allegedly unreasonably dangerous staircase had caused [the decedent] to slip and fall is insufficient to establish the necessary causal relationship between [the

defendant's] alleged negligence and [the decedent's] injuries."); see also *Kellman v. Twin Orchard Country Club*, 202 Ill. App. 3d 968, 975 (1990) ("[t]he possibility that the alleged unreasonably dangerous shower stall and basin had caused decedent to slip and fall is insufficient to establish a causal relationship between the defendant's alleged negligence and decedent's injuries").

¶ 13    Yoakum's deposition testimony suggests another possibility regarding the cause of the fall, one that has nothing to do with the height of the railing. According to Yoakum, the decedent had been warned several times about his practice of sitting on the railing. It is possible that the decedent sat on the railing and fell. Significantly, there is no more evidence to support this possibility than there is to support the possibility that he staggered into the railing and "pitched" over it; both remain, therefore, mere speculation. See *Strutz*, 389 Ill. App. 3d at 679 ("[l]iability cannot be predicated on conjecture; rather proximate cause is established when there is reasonable certainty that the defendant's acts or omissions caused the injury"); accord *Wiegman*, 308 Ill. App. 3d at 795 ("where from the proven facts the nonexistence of the fact to be inferred appears to be just as probable as its existence, then the conclusion that it exists is a matter of speculation, surmise, and conjecture, and the trier of fact cannot be allowed to draw it").

¶ 14    While circumstantial evidence need not exclude all other possible conclusions, "a fact cannot be established through circumstantial evidence unless the circumstances are so related to each other that it is the only probable, and not merely possible, conclusion that may be drawn." *Keating v. 68th & Paxton, L.L.C.*, 401 Ill. App. 3d 456, 473 (2010). Viewing all of the evidence in the light most favorable to plaintiff, we hold that he failed to present any evidence on the issue of proximate cause. See *id.* at 474 (holding that, where the plaintiff's suggested inference was speculative, there was no evidence of proximate cause).

¶ 15    Plaintiff's reliance on the failure of the railing to comply with the current building-code height requirement of 42 inches is, without more, unhelpful in establishing proximate cause. First, plaintiff presents no authority that code height requirements are to be applied retroactively. Second, "[v]iolations of an ordinance or a failure to comply with the building code, by themselves without evidence that the violations caused the injury, do not establish proximate cause." *Strutz*, 389 Ill. App. 3d at 681. As discussed above, plaintiff has presented insufficient evidence that the height of the railing caused the decedent's fall and consequent death.

¶ 16    The cases on which plaintiff relies for examples of sufficient circumstantial evidence of proximate cause are distinguishable. See *Mort v. Walter*, 98 Ill. 2d 391 (1983) (directed verdict for the defendant driver reversed where there was no doubt that the defendant had hit a four-year-old child with her car, she testified she was looking at the child's father on the other side of the road and not at the child standing in plain view, and a reasonable jury could conclude that her failure to maintain a proper lookout for a child on the road caused the child's injuries); *Olson v. Williams All Seasons Co.*, 2012 IL App (2d) 110818 (testimony regarding a malfunctioning gate, inadequate lighting, and the absence of safety tape on the floor was sufficient circumstantial evidence to create fact question as to whether the drop-off in the defendant's warehouse floor proximately caused the plaintiff's fall); and *Wright v. Stech*, 7 Ill. App. 3d 1068 (1972) (sufficient circumstantial evidence linked the defendant's unlit and littered stairway to the decedent's fall where a witness testified to events immediately before and after the fall—that she heard the decedent on the stairs and then a loud thump, she found

the decedent on the landing, and the decedent told the witness that she had fallen down the stairs). In contrast to these cases, plaintiff failed to establish a *prima facie* negligence case, because his evidence allowed only a speculative inference on the element of proximate cause. See *Keating*, 401 Ill. App. 3d at 474 (holding that the plaintiff's speculative inference could not serve as the predicate for liability); *Jewish Hospital of St. Louis v. Boatmen's National Bank of Belleville*, 261 Ill. App. 3d 750, 755 (1994) ("[O]n a motion for summary judgment, a fact will not be considered in dispute if raised by circumstantial evidence alone unless the circumstances or events are so closely related to each other that the conclusions therefrom are probable, not merely possible.").

¶ 17                                   III. CONCLUSION

¶ 18        In the absence of any evidence of the cause of the decedent's fall, there is no genuine issue of material fact on the issue of proximate cause, and summary judgment in favor of defendants was proper. Accordingly, we affirm the trial court's order granting summary judgment.

¶ 19        Affirmed.