ROBERT W. DOBBS, Plaintiff-Appellant, *v.* SAFEWAY INSURANCE COMPANY, Defendant-Appellee.

First District (1st Division)    No. 78-351

Opinion filed October 30, 1978.

Levatino & Levatino, of Chicago (Phillip C. Levatino, of counsel), for appellant.

Parrillo, Bresler, Weiss & Moss, of Chicago (David J. Weiss, of counsel), for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Robert W. Dobbs (plaintiff) sued Safeway Insurance Company (defendant) and Scott Anchor Insurance Agency, Inc. (Scott) for breach of a contract of insurance, alleging that defendant failed to defend plaintiff in a lawsuit resulting from an automobile collision. After defendant's motion for summary judgment was granted, plaintiff appealed, arguing that the trial court abused its discretion by refusing to allow plaintiff a continuance in order to conduct discovery necessary to a determination of the motion for summary judgment.

Plaintiff filed a complaint alleging that he purchased an automobile insurance policy from defendant through its general agent, Scott. His policy was placed by the Votava Insurance Agency (Votava), a general broker. Plaintiff paid for six months' coverage. During the effective period of the policy, plaintiff was involved in a collision with another vehicle. Within a week of the collision, plaintiff orally notified the Votava agency of the collision. On that same date, Votava notified Scott of plaintiff's collision. Two months later plaintiff was sued for damages arising out of the collision. Plaintiff delivered the complaint and summons to Votava, which sent them to Scott. Plaintiff became aware of the existence of an ex parte judgment against him when wage deduction proceedings were commenced. When plaintiff informed defendant of the judgment and wage deduction proceedings, defendant denied that it had any obligation to defend or indemnify plaintiff, but retained an attorney to defend plaintiff and reserved its rights to defend and investigate without assuming liability.

After a continuance to answer or plead was granted, defendant filed motions for summary judgment and to dismiss on August 4, 1977. Defendant denied that it had notice of the lawsuit against plaintiff prior to being informed of the judgment against plaintiff. It denied that Scott was its agent. It alleged that plaintiff's failure to conform to the requirements of the policy absolved it of responsibility. In support of its motions, defendant filed the affidavit of Barry Winter, its claims manager. He stated that defendant had no notice of the lawsuit against plaintiff until it was informed of the ex parte judgment and wage deduction proceedings in April 1977. He denied that Scott was defendant's agent. Defendant also submitted the affidavit of Lawrence Mann, Scott's president, who denied that Scott was defendant's agent. Hearing on the motions was set for August 11, 1977.

Plaintiff moved to continue the hearing in order to conduct discovery depositions of defendant's and Scott's employees, which he alleged were

vital and necessary to reply to defendant's motions. The circuit court, on August 10, 1977, granted plaintiff a 60-day continuance to conduct discovery.

On October 12, 1977, the circuit court granted defendant's motion for summary judgment. Plaintiff moved to vacate the judgment for defendant on November 1, 1977, and requested a continuance for 90 days to complete discovery, alleging that he had been denied discovery which was essential to a determination of the issues on summary judgment. In support of his motion, plaintiff's counsel attached his own affidavit, stating that he had scheduled the depositions of Barry Winter and of defendant's agency manager. They were commanded to produce records concerning defendant's relationship with Scott. He also scheduled the depositions of Lawrence Mann, Scott's president, and of the latter's secretary. Scott's records of its dealings with defendant were to be produced at the deposition. Plaintiff's counsel agreed to continue Mann's deposition when defendant's attorney stated he would not be available because of a religious holiday. On the day scheduled for the agency manager's deposition, defendant informed plaintiff's attorney that Barry Winter was both the agency and claims manager. No deposition would be held that day because Winter's deposition was scheduled for a later date.

The affidavit of plaintiff's counsel further stated that Scott was willing to settle. Upon inquiry, Scott's president stated that defendant's counsel had no authority to settle on Scott's behalf. Scott's counsel, stating that he was unfamiliar with the case, wanted to continue the depositions of Scott's employees in order to prepare. Winter did not produce the requested records at his deposition. As a result of deposing Winter, plaintiff's counsel determined that several other of defendant's employees had information concerning the case. Defendant's counsel stated that those employees' depositions could be arranged by calling him. When plaintiff's counsel attempted to make the arrangements, defendant's counsel did not respond.

The circuit court denied plaintiff's motion to vacate the summary judgment.

Plaintiff argues that the trial court abused its discretion in refusing him additional time for discovery essential to the determination of the summary judgment issues. We agree. A reviewing court will not interfere with a trial court's ruling on discovery matters unless there is a manifest abuse of discretion. (*Hanes v. Orr & Associates* (1977), 53 Ill. App. 3d 72, 368 N.E.2d 584, citing *People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 226 N.E.2d 6.) On this record, the denial of additional time to conduct discovery was a manifest abuse of discretion. The court recognized that the discovery was important to a determination of the motion for summary judgment by granting the first continuance for

discovery. Counsel's uncontradicted affidavit showed that the deposition of one of defendant's affiants had not been conducted in spite of his efforts. Defendant's agency and claims manager had not produced requested records. The record clearly indicates that plaintiff's counsel attempted to secure the discovery during the first continuance. Furthermore, defendant had not fully cooperated with plaintiff's efforts to secure discovery. A stay pursuant to Supreme Court Rule 219(c)(i) (Ill. Rev. Stat. 1977, ch. 110A, par. 219(c)(i)) would have served the ends of justice without unduly delaying disposition of the case. (See *Hanes v. Orr & Associates* (1977), 53 Ill. App. 3d 72, 368 N.E.2d 584.) The circuit judge should have granted plaintiff's request for time to conduct discovery.

The denial of plaintiff's motion to vacate and the summary judgment for defendant are both reversed. After plaintiff completes the discovery requested in his motion to vacate, the trial court is directed to conduct further hearings on defendant's motion for summary judgment.

Reversed and remanded with directions.

McGLOON and LINN, JJ., concur.