THE PEOPLE *ex rel.* AL BERNARDI, Director, Illinois Department of Labor, Petitioner-Appellee, *v.* LAWRENCE & AHLMAN, INC., Respondent-Appellant.

First District (3rd Division)   No. 81-2992

Opinion filed March 31, 1982.

Fox and Grove, Chartered, of Chicago (Shayle P. Fox, Christopher A. Bloom, and Terry L. Stanke, of counsel), for appellant.

Tyrone C. Fahner, Attorney General, of Chicago (Richard J. Puchalski, Special Assistant Attorney General, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

This appeal is from an order of the circuit court of Cook County directing respondent Lawrence & Ahlman, Inc., to comply with an administrative subpoena issued by the Illinois Department of Labor commanding respondent to produce certain records.

On January 27, 1981, the Department issued a subpoena to respondent commanding that it produce all records regarding two specific public work contracts. The subpoena was issued pursuant to the Department's investigative powers under the Wages of Employees of Public Works Act (Ill. Rev. Stat. 1979, ch. 48, pars. 39s—1 through 39s—10). The act provides that a wage of no less than the general prevailing hourly rate be paid to laborers engaged in public works and authorizes the Department to "inquire diligently" as to any violation of the act. (Ill. Rev. Stat. 1979, ch. 48, pars. 39s—6, 39s—3.) The Department's investigative powers include the authority to subpoena "records * * * and other evidence relative to the matter under investigation or hearing." Ill. Rev. Stat. 1979, ch. 48, par. 39s—10.

Respondent refused to comply voluntarily with the subpoena and, on August 25, 1981, the Department filed suit seeking judicial enforcement. Respondent filed a motion to dismiss, alleging that the complaint failed to state a cause of action in that it lacked allegations of fact which would establish that the subpoena was lawfully issued. Respondent also filed a

response setting forth specific facts from which it asked the court to decide that the Department issued the subpoena with improper motive for purposes of harassment and retaliation. Respondent requested a continuance and a rescheduling to permit discovery. The court denied respondent's motions, finding that its sole duty was to enforce the subpoena so long as it was "not overbroad and burdensome." The court found that respondent was entitled to neither discovery nor hearing on the harassment or retaliation issue, and it issued an order directing respondent to comply with the subpoena.

On appeal, respondent contends that the trial court erred in refusing to afford respondent a hearing on the issue of the validity of the subpoena. Respondent argues that the existence of the harassment and retaliation issue should have precluded summary enforcement of the subpoena.

■■ The validity of an administrative subpoena is not dependent upon the existence of probable cause. (*Oklahoma Press Publishing Co. v. Walling* (1946), 327 U.S. 186, 90 L. Ed. 616, 66 S. Ct. 494.) Judicial review of an administrative subpoena is generally limited to a consideration of the constitutionality of the statute, whether the contemplated agency proceedings are included within the statutory authority, the reasonableness of the demand, and the relevance of the information sought. (*Scott v. Association for Childbirth at Home, International* (1981), 88 Ill. 2d 279, 430 N.E.2d 1012; *Illinois Crime Investigating Com. v. Buccieri* (1967), 36 Ill. 2d 556, 224 N.E.2d 236.) Nevertheless, administrative investigations are also subject to due process constraints and a subpoena issued for the purpose of harassment violates due process. (*Scott v. Association for Childbirth at Home, International.*) Moreover, when the court's process is invoked to enforce an invalid subpoena, an abuse of judicial process occurs. (*United States v. Powell* (1964), 379 U.S. 48, 13 L. Ed. 2d 112, 85 S. Ct. 248.) Thus, when a prima facie case has been made challenging the legitimacy of the purpose behind the administrative subpoena, the court has a duty to resolve that issue prior to enforcement of the subpoena. A court may not permit its process to be abused. (*United States v. Powell.*) In the present case respondent's allegations of harassment and retaliation sufficiently raised the issue of the subpoena's validity so as to require the court to conduct a hearing.

■■ Turning to the request by respondent that it be permitted discovery, we note that the trial court is vested with wide discretion in ruling on discovery matters, and limitations placed on discovery by the trial court will not be interfered with on appeal absent a manifest abuse of such discretion. (*People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 226 N.E.2d 6; *Hanes v. Orr & Associates* (1977), 53 Ill. App. 3d 72, 368

N.E.2d 584.) In the present case, the trial court refused to exercise that discretion finding that discovery was not permitted by the statute.

██ Section 10 requires the trial court to compel compliance with any subpoena "lawfully issued" by the Department. (Ill. Rev. Stat. 1979, ch. 48, par. 39s—10.) We find that respondent made a prima facie showing that the subpoena was not lawfully issued and that respondent is entitled to a hearing on the issue of harassment and retaliation. Hence, the trial court may find that some discovery, strictly limited to information relevant to respondent's allegations of harassment or retaliation, should be allowed. We direct only that respondent's request to take the depositions of two employees of the Department who are alleged to have taken part in the harassment should be granted. The depositions shall be subject to the foregoing limitations.

For the reasons stated, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings consistent with the holdings of this opinion.

Reversed and remanded.

McGILLICUDDY and RIZZI, JJ., concur.