GWEN R. MARTIN, Director, The Department of Labor, Petitioner-Appellee, v. DENNIS GARDE et al., Respondents-Appellants.

First District (2nd Division)   No. 1—87—3597

Opinion filed March 6, 1990.

SCARIANO, J., dissenting.

J. Charles Sheerin, of Michigan City, Indiana, for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Karen S. Rosenwinkel, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

Dennis Garde and Asbestos Control, Inc. (collectively ACI), appeal from the denial of their motion (1) for reconsideration of the order of October 30, 1987, granting the Department of Labor's (Department's) petition to enforce its administrative subpoena or, alternatively, (2) to suspend an earlier order of October 9, 1987, which granted the Department's motion to enforce the subpoena, in effect, ACI's cross-motion to permit limited discovery and to postpone the hearing on the petition to enforce.

The issues raised on appeal include whether: (1) the provisions of "An Act regulating wages ***" (the Prevailing Rate of Wages Act or Wage Act) (Ill. Rev. Stat. 1983, ch. 48, pars. 39s—1 through 39s—12) intend and require notice and a hearing when the Department invokes the powers of the court to enforce an administrative subpoena; (2) in view of the substantial allegations and attached documentary evidence that the subpoena was issued and enforcement of the subpoena was sought for reasons of coercion, intimidation and harassment, ACI and Garde were denied procedural due process of law by summary en-

forcement of the subpoena; and (3) ACI's failure to provide a transcript in the record on appeal of the hearings precludes review of their claim that the hearing did not comport with due process.

ACI surveys and examines buildings for insulation and soundproofing materials containing asbestos and also removes those materials from buildings. Included among those buildings were schools, making the wages paid ACI's employees subject to the Wage Act. Prior to October 22, 1984, William Spann of the Department informed ACI, based on an audit of its payroll records, that he believed ACI was not paying the prevailing wage as required by statute. In response, ACI made a Freedom of Information Act (FOIA) demand which requested records and documents relied upon by the Department to substantiate its claim that a rate other than that paid by ACI was the prevailing rate. On November 13, 1984, ACI submitted information regarding the nature and extent of the training it provided its employees and evidence that it performed in excess of 85% of the removal of asbestos on public works in Cook County. ACI contended that the rate it paid its employees in the removal of asbestos was the prevailing rate for that work, and asked the Department for a hearing. The Department did not respond to ACI's FOIA request or its request for a hearing. On January 18, 1985, ACI again wrote the Department, asking for response to ACI's requests for information and a hearing.

Ignoring ACI's requests, the Department wrote to one of ACI's clients, Arlington Heights Public School District No. 25 (District 25), and instructed it to withhold "the funds due [ACI] until a full investigation of the payroll records is complete." On April 1, 1985, ACI again sought a response to its request for information and a hearing. On April 9, 1985, Superintendent Hayes of the Department's Conciliation and Mediation Division replied that he would "do everything possible to have a written response in [ACI's] hands no later than April 19, 1985." The Department had not provided a written response when ACI contacted it on May 2, 1985, nor is there any indication in the record that the Department ever responded.

On July 26, 1985, the Department wrote to District 25 and advised it "that a serious violation has been uncovered by the Department of Labor. *** [ACI's] pay records were audited and the audit revealed a deficiency in the wages paid to the employees" (emphasis added), and again instructed it not to pay ACI. ACI sued District 25 for the monies owed to it. On July 30, 1986, District 25 advised ACI that it had invited the Department to join in that litigation, which the Department declined to do. Shortly thereafter, District 25 paid the outstanding balance due ACI, stating:

"In that the Illinois Department of Labor was afforded an opportunity to intervene in the proceedings initiated by your counsel for collection of these funds and had declined to do so, the District does not believe it is under any further obligation to withhold payment of these funds as previously directed by that state agency."

On July 22, 1985, the Department issued an administrative subpoena to ACI, requesting it to produce all payroll records for work performed in the Arlington Heights and Aurora school districts in connection with the Department's investigation of the prevailing wage for asbestos removal. ACI failed to respond to the subpoena, and the Department took no action to enforce it. On September 15, 1986, the Department issued a second subpoena to ACI directing it to produce its records relating to the project payroll of the two school districts. ACI did not comply with the subpoena, but not until April 2, 1987, did the Department seek enforcement of the subpoena in court. ACI entered its appearance on May 22, 1987, and, three months later, on August 25, 1987, filed a response to the petition containing certain affirmative defenses alleging that the Department issued and sought enforcement of the subpoena for improper purposes. On October 1, 1987, ACI simultaneously filed two documents: (1) a motion to permit and expedite discovery and to postpone the hearing on the motion to enforce, and (2) a notice to produce two Department officers as witnesses at the hearing.

The Department's petition to enforce the subpoena and ACI's cross-motion for continuance and discovery were heard on October 9, 1987. Judge Richard L. Curry denied ACI's motion and ordered compliance within 14 days. No record or transcript was made of these proceedings. The circuit court made no findings nor did it specify its reasons for denying ACI's motion or for enforcing the subpoena. On October 26, 1987, ACI filed a motion to reconsider, requesting a suspension of the order enforcing the subpoena and the setting of a briefing schedule on the motions previously ruled upon by Judge Curry, namely, for enforcement of the subpoena and to permit discovery. These motions were denied, this time by Judge Robert L. Sklodowski, who stayed the order enforcing the subpoena pending this appeal.

Among the provisions of the Wage Act is the following (Ill. Rev. Stat. 1983, ch. 48, par. 39s—9):

"At any time within 15 days after a certified copy of the determination has been published as herein provided, any person affected thereby may object in writing to the determination ***. It shall thereafter be the duty of the public body or De-

partment of Labor to set a date for a hearing on the objection after giving written notice to the objectors at least 10 days before the date of the hearing \*\*\*. If such a hearing is not held by the public body within the time herein specified, the Department of Labor may, upon request of the objectors, conduct the hearing on behalf of the public body.

\*\*\* At such hearing the public body or Department of Labor shall introduce in evidence the investigation it instituted which formed the basis of its determination, and the public body or Department of Labor, or any interested objectors may thereafter introduce such evidence as is material to the issue."

It is clear from the history of this case that the Department has failed to comply with the spirit and policy of the Wage Act, from the inception of this controversy. The Department repeatedly ignored ACI's requests for information and hearings, without explanation. Undeterred by ACI's efforts to learn of the reasons for the Department's position, the Department sent a letter to District 25 which stated, among other things:

"The contractor's [ACI's] pay records *were audited* and the audit reveals a *deficiency in the wages paid the employees.*" (Emphasis added.)

The letter affirms that ACI's records already had been audited, and a deficiency, or violation, found. In our view, this was tantamount to a *de facto* finding under section 9 that a prevailing wage determination was made. For these reasons, it appears that ACI's requests for a statutory hearing under section 9 should have been granted by the Department, but were not.

The affirmative defenses articulated by ACI raise the issues of harassment, coercion, and abuse of process, which were never answered and can well be deemed admitted. (See Ill. Rev. Stat. 1987, ch. 110, pars. 2—602, 2—610(b); *Husted v. Thompson-Hayward Chemical Co.* (1965), 62 Ill. App. 2d 287, 210 N.E.2d 614; *Capital Development Board ex rel. P.J. Gallas Electrical Contractors, Inc. v. G. A. Rafel & Co.* (1986), 143 Ill. App. 3d 553, 557, 493 N.E.2d 348.) This is particularly important where the Department's letter to District 25 states that ACI's books already were audited yet, apparently, the Department remained insistent upon securing the same records upon which the audit was made.

ACI argues that the circuit court erred in failing to hold a hearing on its allegations that the Department issued and sought enforcement of the subpoena for the improper purpose of intimidation, harassment and coercion. (*Scott v. Association for Childbirth At*

*Home, International* (1981), 88 Ill. 2d 279, 299, 430 N.E.2d 1012, 1022 ("[A]n investigation that is arbitrary or in excess of statutory authority or undertaken for an improper purpose, such as to harass, violates due process").) In support of its contentions, ACI also relies on *People ex rel. Bernardi v. Lawrence & Ahlman, Inc.* (1982), 105 Ill. App. 3d 470, 434 N.E.2d 503.

The respondent in *Lawrence* refused to comply with a Department subpoena commanding it to produce its records on two public work contracts. The Department sought enforcement of the subpoena in court, and Lawrence responded with a motion to dismiss, "alleging that the complaint failed to state a cause of action in that it lacked allegations of fact which would establish that the subpoena was lawfully issued." (105 Ill. App. 3d at 471.) Lawrence also set forth facts which it claimed substantiated its allegation that the subpoena was issued for purposes of harassment and delay, and requested a continuance and a rescheduling to permit discovery. The circuit court denied Lawrence's motions, "finding that its sole duty was to enforce the subpoena so long as it was 'not overbroad and burdensome.' " (105 Ill. App. 3d at 472.) The appellate court reversed and remanded stating, in part (105 Ill. App. 3d at 472):

> "Judicial review of an administrative subpoena is generally limited to a consideration of the constitutionality of the statute, whether the contemplated agency proceedings are included within the statutory authority, the reasonableness of the demand, and the relevance of the information sought. (*Scott v. Association for Childbirth at Home, International* (1981), 88 Ill. 2d 279, 430 N.E.2d 1012; *Illinois Crime Investigating Com. v. Buccieri* (1967), 36 Ill. 2d 556, 224 N.E.2d 236.) Nevertheless, administrative investigations are also subject to due process constraints and a subpoena issued for the purpose of harassment violates due process. (*Scott v. Association for Childbirth at Home, International.*) Moreover, when the court's process is invoked to enforce an invalid subpoena, an abuse of judicial process occurs. (*United States v. Powell* (1964), 379 U.S. 48, 13 L. Ed. 2d 112, 85 S. Ct. 248.) Thus, when a prima facie case has been made challenging the legitimacy of the purpose behind the administrative subpoena, the court has a duty to resolve that issue prior to enforcement of the subpoena. A court may not permit its process to be abused. (*United States v. Powell.*)"

The appellate court found the circuit court erroneously believed that it had no discretion to order discovery in such cases. Here, the allega-

tions of harassment, coercion and abuse of process raised by ACI were sufficient to establish a *prima facie* case challenging the legitimacy of the Department's purpose in issuing the subpoena, in light of the case history established by the record, recited earlier.

■■ The parties do not dispute that a hearing was held on October 9, 1987, before the judge who granted the petition to enforce the subpoena and, at the hearing, the judge had before him ACI's response and affirmative defenses. Nothing in the court's order of that date reveals that any evidentiary hearing was held on that date. The Department claims that ACI's failure to provide a transcript of the proceedings held prior to the court's granting enforcement of the subpoena precludes review of this issue, relying on *Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 459 N.E.2d 958. In *Foutch*, however, the circuit court's denial of the motion notes that the court *heard evidence*, adduced the arguments of counsel and, being fully advised in the premises, found that the motion should not be granted. Unlike *Foutch*, no such finding was included in the order entered on October 9, 1987, in the present case. ACI, relying on *Walker v. Iowa Marine Repair Corp.* (1985), 132 Ill. App. 3d 621, 477 N.E.2d 1335, asserts that a transcript of the first hearing is not necessary, because a transcript of the proceedings on its motion to reconsider is included in the record on appeal. In *Walker*, the appellate court held that the absence of a transcript from the hearing on defendant't motion to transfer did not preclude proper review, ruling that "the record in the instant case contains all the relevant facts presented. Additionally, the trial court here could only have based its ruling on the pleadings and affidavits in the record presented, thus rendering the transcript nothing more than a memorialization of the arguments of the attorneys." (132 Ill. App. 3d at 625.) The *Walker* court found *Foutch* "inapposite" because in the latter case the order recited that the judge had heard evidence, whereas the order in *Walker*, as in the case *sub judice*, did not include that language.

No occasion to conjecture arises in the present case as to whether evidence was heard. Firstly, the Department's counsel at the hearing on the motion to reconsider continually noted that the facts and argument presented to both judges at the first and second hearings were the same. Secondly, ACI again asked the court for the same relief it had sought in the first hearing, which was denied: to direct that discovery be allowed in order to prove the allegations of harassment, coercion and abuse of process. This was the very evidence that ACI wanted to present at an evidentiary hearing. There would have been no reason to ask for leave to seek such evidence had it been consid-

32

ered and ruled on at the first hearing. The Department makes no contrary argument.

We hold that ACI established a *prima facie* challenge to the legitimacy of the Department's purpose in issuing the administrative subpoena in this case under the facts presented, evidence of which the circuit court should have permitted to be secured and presented prior to the enforcement of the subpoena. Failure to have done so here was an abuse of discretion, which requires reversal and remandment for further proceedings consistent with this opinion.

Reversed and remanded with directions.

BILANDIC, J., concurs.

JUSTICE SCARIANO, dissenting:
I must dissent.

As the majority note, ACI contends that the trial court erred in failing to hold a hearing on its allegations that the Department issued and sought enforcement of the subpoena for the improper purpose of intimidation, harassment and coercion, citing *Scott v. Association for Childbirth At Home, International* (1981), 88 Ill. 2d 279, 430 N.E.2d 1012, and *People ex rel. Bernardi v. Lawrence & Ahlman, Inc.* (1982), 105 Ill. App. 3d 470, 434 N.E.2d 503. The facts in the case before us are identical to those in *Lawrence & Ahlman*, which would appear to control, until we take up the hearing of October 9, 1987, and there the similarity ends, for without the aid of a transcript we are totally bereft of any information as to what took place there. As the majority acknowledge, the parties here do not dispute that a hearing was held before the judge who granted the petition to enforce the subpoena and, that at that hearing, the judge also had before him ACI's response and affirmative defenses. Thus, we must assume that the judge properly resolved ACI's "challeng[e] [to] the legitimacy of the purpose behind the administrative subpoena" before ordering its enforcement. (*Lawrence & Ahlman*, 105 Ill. App. 3d at 472; 434 N.E.2d at 504.) The question before us is whether ACI's *motion for reconsideration of that ruling* should have been granted, and, in ruling on that issue, we must consider whether the first judge properly ordered enforcement of the subpoena.

As the majority point out, the Department claims that ACI's failure to provide a transcript of the proceedings held prior to the court's granting enforcement of the subpoena precludes review of this issue. (*Foutch v. Bryant* (1984), 99 Ill. 2d 389, 459 N.E.2d 958.) In *Foutch*,

plaintiff filed a complaint, seeking to recover for services performed and to impose a mechanic's lien on real estate owned by defendants, and defendants filed an answer denying the allegations of the complaint. Defendants did not appear when the case was called for trial and, after an *ex parte* hearing, the court entered judgment for plaintiff. The court later denied defendants' motion to vacate the judgment; however, no transcript of this hearing was made a part of the record on appeal. The trial court's denial of the motion did not state specific grounds for the denial, although it did note that counsel for the parties were present and that the court "having heard the evidence, adduced the arguments of counsel and now being fully advised in the premises, finds: (1) That the defendants' motion should not be granted." (99 Ill. 2d at 393, 459 N.E.2d at 960.) The appellate court affirmed the denial, and the supreme court agreed, stating:

> "The appellate court, in affirming the trial court, stated, *inter alia*, that *since there was no record to show the reasons given by the trial court for denying the motion to vacate, the appellate court had to presume that the trial court acted in conformity with the law and ruled properly after considering the motion.* The appellate court's affirmance was proper. From the very nature of an appeal it is evident that the court of review must have before it the record to review in order to determine whether there was the error claimed by appellant." (Emphasis added.) 99 Ill. 2d at 391, 459 N.E.2d at 959.

The majority seems to be swayed by the fact that in *Foutch* the circuit court's order denying the motion to vacate the judgment "notes that the court *heard evidence*, adduced the arguments of counsel and, being fully advised in the premises, found that the motion should not be granted. Unlike *Foutch*, no such finding was included in the order entered on October 9, 1987, in the present case." (Emphasis is the majority's.) (195 Ill. App. 3d at 31.) The order referred to by the majority in the case at bar reads as follows in pertinent part:

> "This cause now coming to be heard on Plaintiffs [*sic*] motion to enforce Administrative Subpoena and Defendants [*sic*] cross motion to stay hearing pending discovery all parties being present and the Court being fully advised in the premises ***."

In *Aetna Life Insurance Co. v. Strickland* (1975), 33 Ill. App. 3d 52, 56, 337 N.E.2d 285, 288-89, it was held:

> " 'Where the record does not contain a report of proceedings and where the order appealed from recites that *the court is fully advised in the premises,* as is the fact here, a reviewing court must presume that the trial court acted in conformity to

law and had before it sufficient facts to support its order.' *Interstate Printing Co. v. Callahan* (1974), 18 Ill. App. 3d 930, 932-33, 310 N.E.2d 786, 789.

We conclude, therefore, that *appellants have not sustained their burden of showing* \*\*\* *that the interpleader was allowed without a preliminary evidentiary hearing* \*\*\*." (Emphasis added.)

Accordingly, *Walker*, too, is of no assistance since it depends on the same distinction from *Foutch* as that relied upon by the majority here.

ACI contends that the Department makes no claim that evidence was presented to the first judge, and since the only issue is whether the judge should have heard evidence, the lack of a transcript should have no effect on this court's review of this matter. Yet during the hearing held by Judge Sklodowski, as ACI acknowledges in its reply brief, counsel for the Department stated that "These [ACI's] arguments were all raised before Judge Curry \*\*\*. Judge Curry *did hear or have all the facts before him* and he ruled on the case." (Emphasis added.)

Moreover, ACI would have us determine that at the initial proceeding Judge Curry improperly denied its request for an evidentiary hearing on the issue of harassment. In maintaining this position, ACI appears to charge the Department with the responsibility of showing that evidence was indeed heard. But the law in Illinois is very clear that it is the appellant who bears the burden of presenting a sufficient record to support its claim of error and, as already noted, in the absence of such a record on appeal, a reviewing court will presume that the trial court acted in conformity with the law and had a sufficient factual basis for its ruling. (*Foutch v. Bryant* (1984), 99 Ill. 2d 389, 459 N.E.2d 958.) In this connection, it should bemuse even the most acute observer that while ACI seeks strenuously to excuse its own failure to supply an appropriate record in this appeal, it complains in its reply brief that "[t]here is no record to support [the Department's] \*\*\* representation that [its] conduct 'was not unlawful and was a reasonable means of seeking compliance with the Act.' "

In the absence of a transcript of the proceedings held before Judge Curry, a careful review of the record invites an endless procession of unanswerable questions and puzzling inferences. For example, not only are we left in obscurity as to whether the court improperly barred evidence, but also whether the evidence was in fact barred at all. Indeed, did ACI ever request the court to afford an evidentiary hearing? As indicated by the majority, eight days prior to the hearing

before Judge Curry ACI filed and presumably served on the Department two documents: (1) a motion to permit and expedite discovery and to postpone the hearing on the Department's petition to enforce the subpoena, and (2) a notice on the Department to produce at the hearing two of its top officials as witnesses. Did the witnesses in fact appear, and, if so, did they testify? There is nothing in the record to show that they failed or refused to appear or that their appearance was excused. Judge Curry's order of October 9, 1987, denies "Defendants' Cross Motion to Stay Hearing Pending Discovery." Was this because the judge felt that ACI had had more than ample time to conduct discovery and to prepare for the hearing since the Department's petition had been filed on April 2, 1987, and ACI had entered its appearance on May 22, 1987? And, in light of ACI's motion for a continuance and to conduct discovery, would it not be reasonable to wonder if it was indeed prepared to proceed with the hearing before Judge Curry? ACI's request for a postponement of the hearing while at the same time demanding and perhaps causing the production of two highranking Department officials may be demonstrative of an engaging ambidexterity, but it is unavailing in our efforts to resolve the issues in this case. Indeed, Judge Curry may have, as he certainly could have, considered paragraph 5 of ACI's affirmative defenses as having at least some bearing on this entire matter. In that paragraph ACI states that its attorney sent information to the Department which demonstrated that ACI had done more asbestos removal from public works in Cook County and in all of Illinois than any other contractor performing such work, "and that ACI paid a rate of pay or rates of pay which were less than the rate of pay paid laborers." Moreover, it will be noted that ACI places heavy reliance on its affirmative defenses, which, *in its motion to reconsider*, it alleges were never replied to by the Department. We are left to speculate as to what use ACI made, if any, of the Department's failure to reply to those defenses before Judge Curry or even before that.

I cannot and I do not condone the inexcusable behavior in the Department's handling of this case at the administrative level, nor do I laud ACI's willful refusal to respond to two subpoenas or at least to seek to quash them, but on the authority of *Foutch v. Bryant* (1984), 99 Ill. 2d 389, 459 N.E.2d 958, I decline to speculate as to what occurred at the proceedings before Judge Curry. Since we do not have the "sheet music," as it were, supplied to us by the responsible party, I decline to "play it by ear."