MARGE DUNKIN, Plaintiff-Appellee, v. SILVER CROSS HOSPITAL, Defendant-Appellant.

Third District   No. 3—90—0801

Opinion filed June 6, 1991.

Theodore J. Jarz, of McKeown Law Offices, of Joliet (Michael R. Lucas, of counsel), for appellant.

Thomas P. Naughton, of Law Offices of Naughton & Markese, of Joliet (Paula A. Gomora, of counsel), for appellee.

JUSTICE HAASE delivered the opinion of the court:

The plaintiff, Marge Dunkin, brought a negligence action against the defendant, Silver Cross Hospital (the hospital), alleging that she sustained injuries when she fell on a stairway at the hospital. During the pretrial discovery stages of the lawsuit, the trial court held the hospital's counsel in contempt of court for refusing to produce certain reports. The hospital appeals the court's order requiring it to produce those reports. It also appeals the court's order of contempt.

The record reveals that the plaintiff filed a motion to compel the hospital to produce any "incident" reports within its possession involving slip-and-fall accidents on a certain stairway at the hospital. The hospital objected to the discovery request, contending that the reports were privileged under section 8—2101 et seq. of the Code of Civil Procedure (the Medical Studies Act or Act) (Ill. Rev. Stat. 1989, ch. 110, par. 8—2101 et seq.).

In support of its contention that the reports were not discoverable, the hospital filed an affidavit from Michael Deming, the hospital's vice-president and chief operating officer. In his affidavit, Deming stated that the "incident" reports recorded any unusual occurrences at the hospital. The reports were also used in analyzing any problem areas and in determining the necessary steps to improve the quality of care and service.

The record further reveals that the reports were mainly used by the hospital's quality assurance department. Information from the reports and any corrective action plans arising therefrom could have been disseminated to any of 70 different departments within the hospital.

The reports, which were made part of the record on appeal, indicated that visitors, patients, and volunteer workers used the stairway in question. However, only visitors and volunteer workers were actually injured while using it. At the time of the alleged injury, the plaintiff was not a patient at the hospital.

After a hearing on the plaintiff's motion to compel production of the reports, the trial court found that the reports were not privileged from disclosure under the Medical Studies Act and ordered the hospital to produce them. The hospital's counsel refused to produce the documents. The trial court subsequently held him in contempt of court and ordered him to pay a $100 fine. The hospital appeals from the court's rulings.

As a preliminary matter, we address the plaintiff's contention that the hospital's appeal is moot because the hospital made the reports part of the record on appeal.

■ We note that section 8—2102 of the Medical Studies Act provides that in addition to being nondiscoverable, privileged documents under the Act are also inadmissible. (Ill. Rev. Stat. 1989, ch. 110, par. 8—2102.) Accordingly, even though the information in the report was disclosed, a question remains as to whether the documents are admissible into evidence. Thus, we find that the decision will have a direct impact on the rights and duties of the parties and therefore the appeal is not moot. See *Bluthardt v. Breslin* (1979), 74 Ill. 2d 246, 384 N.E.2d 1309.

The hospital first argues on appeal that the trial court erred in finding that the Medical Studies Act did not protect the reports from discovery. It contends that the reports were covered by the Act because they were used in the course of internal quality control and related to the improvement of hospital conditions.

Section 8—2101 of the Act reads in relevant part:

> "All information, interviews, reports, statements, memoranda or other data of *** committees of licensed or accredited hospitals or their medical staffs, including Patient Care Audit Committees, Medical Care Evaluation Committees, Utilization Review Committees, Credential Committees and Executive Committees, (but not the medical records pertaining to the patient), *used in the course of internal quality control or of medical study for the purpose of reducing morbidity or mortality, or for improving patient care, shall be privileged*, strictly confidential and shall be used only for medical research, the evaluation and improvement of quality care, or granting, limiting or

revoking staff privileges ***." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 110, par. 8—2101.

█▌█ The terms of a statute must be construed with reference to the purposes and objectives of the statute. The purpose of the Medical Studies Act is to encourage candid and voluntary studies and programs used to improve hospital conditions and patient care or to reduce the rates of death and disease. (*Niven v. Siqueira* (1985), 109 Ill. 2d 357, 487 N.E.2d 937.) To promote these goals, the legislature provided that any materials used in such studies or programs shall be confidential. (*Niven v. Siqueira* (1985), 109 Ill. 2d 357, 487 N.E.2d 937.) However, the Act makes confidential only information used "in the course of internal quality control or of medical study for the purpose of reducing morbidity or mortality, or for improving patient care." (Ill. Rev. Stat. 1989, ch. 110, par. 8—2101; *Niven v. Siqueira* (1985), 109 Ill. 2d 357, 487 N.E.2d 937.) The Act is premised on the belief that, absent a statutory peer-review privilege, physicians would be reluctant to sit on peer-review committees and engage in frank evaluations of their colleagues. (*Jenkins v. Wu* (1984), 102 Ill. 2d 468, 468 N.E.2d 1162.) Whether the privilege is applicable is a matter of law for the court to determine, yet whether specific materials are part of internal quality control or part of a medical study is a factual question within that legal determination. (*Flannery v. Lin* (1988), 176 Ill. App. 3d 652, 531 N.E.2d 403.) The party asserting the privilege has the burden of establishing its applicability. *Ekstrom v. Temple* (1990), 197 Ill. App. 3d 120, 553 N.E.2d 424.

█▌ Applying the above principles to the instant case, we find that the trial court properly determined that the reports did not fall within the statutory privilege. Although Deming's affidavit alleged that the reports related to internal quality control and hospital conditions, nothing in his affidavit related the reports to patient medical care. The legislature's intent in enacting the statute was to protect with privilege those reports and studies on quality control and hospital conditions that relate to patient medical care. All of the cases cited by the parties on appeal involved materials that related to patient medical care. Here, the reports compiled by the hospital did not relate to such care in the same medical sense that the legislature was concerned about. The reports are the same kind of incident reports which any business might have. Accordingly, we hold that the reports were discoverable and are admissible, assuming they meet other evidentiary tests.

The hospital next argues that the trial court's contempt order should be vacated.

■ We agree. It is well settled that a contempt citation is an appropriate method for testing the propriety of a discovery order. *People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 226 N.E.2d 6; *Sakosko v. Memorial Hospital* (1988), 167 Ill. App. 3d 842, 522 N.E.2d 273; *Flannery v. Lin* (1988), 176 Ill. App. 3d 652, 531 N.E.2d 403.

In *Sakosko v. Memorial Hospital* (1988), 167 Ill. App. 3d 842, 522 N.E.2d 273, the reviewing court vacated a trial court's contempt order against a hospital attorney, seeking review of the same privilege at issue in the case at bar. In so doing, the court noted that the attorney acted in good faith and did not hold the court in disdain or subject it to scorn.

In the present case, the record shows that the hospital's attorney acted in good faith and did not hold the court in disdain or subject it to scorn. Under these circumstances, we find that the contempt order and fine should be vacated.

The judgment of the circuit court of Will County pertaining to the plaintiff's motion to compel discovery is affirmed; the court's order holding the hospital's attorney in contempt of court and fining him $100 is vacated.

Affirmed in part; vacated in part.

STOUDER, P.J., and GORMAN, J., concur.