FIRST UNITED BANK, f/k/a United Bank of Crete-Steger, Plaintiff, v. PAUL HOFMANN *et al.*, Defendants (Kathleen M. Fennell, Plaintiff-Appellee; Anthony G. Argeros, Contemnor-Appellant).

Third District   No. 3—91—0801

Opinion filed April 27, 1992.

Anthony G. Argeros, *pro se*, and Roger C. Elliott, both of Elliott & Mc-Clure, P.C., of Momence, for appellant.

John McAuley, of Rigsby & McAuley, of Chicago, for appellee.

JUSTICE SLATER delivered the opinion of the court:

Anthony G. Argeros, attorney for defendants Paul and Hertha E. Hofmann, appeals a judgment compelling the defendants to comply with discovery and finding Argeros in contempt of court. We affirm the discovery order and reverse the contempt finding.

The record shows that First United Bank initially filed a complaint against the defendants seeking to foreclose on a mortgage. The plaintiff, Kathleen M. Fennell, intervened by filing a complaint against the defendants for specific performance of a real estate contract. Her complaint and the defendants' answer established the following facts: On March 15, 1990, the parties signed a written agreement. Under its terms, the defendants were to convey certain real property to the plaintiff in return for her payment of $120,000. The agreement also provided that each party's attorney would have five days to review all of the terms except purchase price, closing date, and date of possession. If either attorney objected to any of the terms, he was to serve written notice of his objection on the other party. In the absence of proper notice, the objection provision would be waived and the contract would continue in full force and effect.

The parties also agreed that in a letter dated March 19, 1990, the defendants' attorney objected to the following terms of the agreement: riders one through four; the escrow provision; the provisions concerning liens, conveyances, and encumbrances; the provisions concerning prorations and the survey; and the general conditions and stipulations. The attorney gave no reason for his objections.

On motion of the First United Bank, the trial court dismissed the foreclosure complaint on October 23, 1990. The dismissal order stated that the note secured by the mortgage had been paid in full and that the mortgage had been released.

The plaintiff subsequently served interrogatories and a request to produce on the defendants. The defendants objected to providing the following information: the nature of their interest in the real property; the date and manner in which they acquired the interest; the amount of consideration given for the interest; whether another party had an interest in the property; various details about any such party's interest; whether another party had acquired an interest in the property subsequent to the defendants' acquisition of interest; various details about that party's acquisition of interest; whether the defendants had received any other offers to purchase an interest in the property subsequent to the plaintiff's offer; various details about the offer; a copy of any land trust agreement; a copy of any mortgages and trust deeds currently encumbering the property; a copy of any notes secured by the mortgages and trust deeds; and the defendants' reasons for disapproval of the contract.

The trial court subsequently ordered the defendants to comply with discovery. When they refused, the court found attorney Argeros to be in contempt and fined him $100.

On appeal, Argeros first argues that the trial court erred in ordering the defendants to answer the interrogatories. He contends that the questions were immaterial and not likely to lead to admissible evidence. He further argues that the questions related to the issue of good faith, and that good faith is not relevant in an action for specific performance of a real estate contract. Argeros relies on *Pionke v. Beitz* (1991), 211 Ill. App. 3d 656, 570 N.E.2d 570, in support of the latter proposition.

■ The supreme court rules authorize broad discovery "regarding any matter relevant to the subject matter involved in the pending action." (134 Ill. 2d R. 201(b)(1).) Discovery is a mechanism for ascertaining the truth and promoting a fair resolution of the cause. (*Computer Teaching Corp. v. Courseware Applications, Inc.* (1990), 199 Ill. App. 3d 154, 556 N.E.2d 816.) Traditionally, the trial court is accorded great latitude in determining the scope of discovery, as the proper range of discovery includes not only what is admissible at trial, but also that which leads to what is admissible at trial. (*Mistler v. Mancini* (1982), 111 Ill. App. 3d 228, 443 N.E.2d 1125.) A reviewing court will not interfere with the trial court's discovery rulings absent

a manifest abuse of discretion. *Hanes v. Orr & Associates* (1977), 53 Ill. App. 3d 72, 368 N.E.2d 584.

■ Here, the purpose of most of the interrogatories was to determine who presently held an interest in the property. Obviously, the determination of such a question is relevant to an action for specific performance of a real estate contract concerning the property. We therefore find proper all interrogatories relating to the present holders of any interest in the property.

■ Additionally, the interrogatories related to whether the defendants had used good faith in complying with the contract. We find these questions to be proper. In this regard, Argeros' reliance on *Pionke* is misplaced. *Pionke* did not state that good faith is never relevant in an action for specific performance of a real estate contract. Rather, it said that good faith was irrelevant in that case, given that one of the contracts was not signed by either party and it was clear that the parties had failed to agree to essential contract terms. Here, by contrast, the parties signed a real estate contract. Having done so, they were obligated to use good faith in complying with its terms. (*Osten v. Shah* (1982), 104 Ill. App. 3d 784, 433 N.E.2d 294.) Based on the foregoing, we find that the trial judge did not abuse his discretion in ordering the defendants to comply with discovery.

Argeros further argues on appeal that the contempt order should be reversed because he acted in good faith in testing the court's discovery order.

■ It is well settled that a contempt order is an appropriate method for testing the validity of a discovery order. (*Dunkin v. Silver Cross Hospital* (1991), 215 Ill. App. 3d 65, 573 N.E.2d 848.) Here, there is no indication that Argeros acted in bad faith or with disdain for the court. (See *Sakosko v. Memorial Hospital* (1988), 167 Ill. App. 3d 842, 522 N.E.2d 273.) Accordingly, we reverse the order holding Argeros in contempt and fining him $100.

The judgment of the circuit court of Will County pertaining to the discovery order is affirmed; the court's order holding Argeros in contempt of court and fining him $100 is reversed.

Affirmed in part; reversed in part.

GORMAN and HAASE, JJ., concur.