DEBORAH VITACCO, as Independent Adm'r of the Estate of Joseph Knaffle, Plaintiff-Appellant, v. DOROTHY ECKBERG, Defendant-Appellee.

First District (3rd Division) No. 1—91—2561

Opinion filed March 29, 1995.

David M. Smolin, of Smolin, Blum & Brandwein, of Chicago, for appellant.

Martin D. Coghlan and Carolyn Ann Smaron, both of Homewood, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Decedent, Joseph Knaffle, brought this action seeking the return of $83,000 defendant, Dorothy Eckberg, withdrew from a savings account which listed decedent and defendant as joint tenants. The complaint alleged that when decedent created the account, he did not intend to make a gift to defendant and therefore the money in the account was not defendant's to withdraw. After decedent's death, Deborah Vitacco in her capacity as the independent administrator of decedent's estate was substituted as plaintiff. The case was tried without a jury. After plaintiff's case in chief, the trial court entered a finding in favor of the defendant. Plaintiff now appeals, contending that the trial court's finding was contrary to the manifest weight of the evidence and that the trial court erred in certain rulings. We agree with plaintiff and reverse and remand.

Initially, we note that the trial court's finding was made pursuant to a motion in a nonjury case to find for defendant at the close of plaintiff's case. (See 735 ILCS 5/2—1110 (West 1992).) When ruling on such a motion, the trial court considers all the evidence adduced by the plaintiff in her case in chief, including evidence favorable to the defendant.[1] (Kokinis v. Kotrich (1980), 81 Ill. 2d 151, 154, 407 N.E.2d 43, 44-45.) In the present case, the trial court found that plaintiff failed to rebut the presumption of a valid inter vivos gift attendant to the creation of a joint tenancy. On appeal, our review is limited to a determination of whether the trial court's finding is contrary to the manifest weight of the evidence. (Kokinis, 81 Ill. 2d at 154, 407 N.E.2d at 45.) With this standard in mind, we set forth below the evidence adduced by plaintiff in her case in chief relevant to the issue of whether plaintiff successfully rebutted the presumption of a valid inter vivos gift.

Since the spring of 1988, defendant had been assisting decedent in paying his bills. In May of 1988, decedent told defendant that he would like her to pay all of his bills, now and in the future. On June 14, 1988, decedent established a savings account by contributing all of the funds for the account and naming himself and defendant as

---

[1]This standard contrasts with the standard for a motion for a directed verdict where the trial court views the evidence in the light most favorable to the plaintiff. Kokinis, 81 Ill. 2d at 154, 407 N.E.2d at 44-45.

joint tenants with the right of survivorship.[2] At the time, decedent was 87 years old, in ill health and had difficulty seeing. Defendant complied with decedent's request and assisted in paying decedent's bills until decedent's death.

According to defendant, on May 17, 1989, decedent removed $72,500 in cash from under his kitchen sink and gave it to her. Two days later, on May 19, 1989, decedent was hospitalized. That day the account showed an initial balance of $83,694.14. On the same day, defendant made two withdrawals from the savings account, totaling $83,000: one withdrawal for $78,000 and a second withdrawal for $5,000. The resulting balance showed $694.14. Defendant deposited the $83,000 withdrawn from the account into a separate account shared by her and her husband. These were the only instances defendant had withdrawn money from the account for her own use.

Decedent returned from the hospital sometime in June of 1989. Upon his return, he employed two home companions, one for weekdays, the other for weekends. Together, the home companions provided 24-hour care, seven days a week. The home companions cooked for decedent, cleaned his house, and bathed him. According to defendant, shortly after decedent returned from the hospital he instructed her to empty his desk drawer. Defendant testified that she emptied the drawer and put all of the contents into a bag to take home. According to defendant, when she arrived home she discovered $3,600 in the bag. Defendant testified that she kept the money because decedent knew it was in the desk.

In August 1989, decedent went to the bank to see how much money he had in the savings account. Once there, he discovered that $83,000 had been withdrawn from the account. The next day he sought an attorney's advice about recovering the $83,000. Decedent filed this present action on August 28, 1989, alleging that defendant wrongfully withdrew $83,000 from the account. On the same day, August 28, 1989, decedent died.

■ Where a creator establishes a joint tenancy account by contributing all of the funds and naming himself and another person

---

[2]The right of survivorship is not directly implicated here because defendant did not acquire the funds under her right of survivorship. Rather, she withdrew the funds during decedent's lifetime. The significance of this distinction lies in the ability of a creator of a joint tenancy account to make a present gift of a future interest. (See *Toman v. Svoboda* (1976), 39 Ill. App. 3d 394, 400, 349 N.E.2d 668, 674.) Therefore, under the appropriate circumstances, a joint tenant may not have proper access to an account during the creator's life, but will acquire ownership of the account pursuant to his right of survivorship when the creator dies.

as joint tenants, a presumption arises that the creator has made a valid *inter vivos* gift to the second tenant. (*Murgic v. Granite City Trust & Savings Bank* (1964), 31 Ill. 2d 587, 590, 202 N.E.2d 470, 472.) It follows that if the presumption holds, the second tenant would be within her rights to withdraw money from the account and allocate the sum for any purpose she desired, including for her own benefit.

■ In order for a party to rebut the presumption of a valid *inter vivos* gift attendant to the creation of a joint account, she must introduce clear and convincing evidence that the account was established as a convenience account. (*Johnson v. La Grange State Bank* (1978), 73 Ill. 2d 342, 369, 383 N.E.2d 185, 197; *In re Estate of Mocny* (1993), 257 Ill. App. 3d 291, 296, 630 N.E.2d 87, 92; *Toman v. Svoboda* (1976), 39 Ill. App. 3d 394, 402, 349 N.E.2d 668, 675.) A convenience account is an apparent joint account which the creator established to enable another tenant to draw from the account at the direction and for the benefit of the creator. (*Mocny*, 257 Ill. App. 3d at 296, 630 N.E.2d at 92.) The relevant inquiry focuses on the intent of the creator at the time the account was created. The finder of fact in determining the creator's intent, however, may properly consider events occurring after the creation of the account. *In re Estate of Dawson* (1968), 103 Ill. App. 2d 362, 367, 243 N.E.2d 1, 3.

In the present case, the trial court, pursuant to a motion for a finding at the completion of plaintiff's case, ruled that plaintiff failed to rebut the presumption of a valid *inter vivos* gift attendant to the creation of a joint tenancy. The central issue in the case before us, therefore, is whether plaintiff adduced clear and convincing evidence that the account in question was established as a convenience account and thereby rebutted the presumption of a valid *inter vivos* gift.

■ A presumption is a rule of law that requires the existence of a fact (the presumed fact) be taken as established when certain other facts (basic facts) are established, unless and until a certain specified condition is fulfilled. (M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 302.1 (6th ed. 1994) (hereinafter Cleary & Graham).) The presumption shifts the burden to the party against whom it operates of going forward. (Cleary & Graham § 302.1.) If that party adduces sufficient evidence fulfilling the specified condition, at that point the party has met its burden of going forward and the presumption disappears. (Cleary & Graham § 302.1.) The trier of fact then decides the issue as if no presumption exists and based on all the evidence at trial, including of course whatever evidence the defendant puts on.

The operative presumption in the case at bar provides that a valid *inter vivos* gift is made (the presumed fact) when it is established that a person created an account naming himself and the other person as joint tenants (the basic facts). A party may rebut this presumption by showing with clear and convincing evidence that the account was established as a convenience account. See *Johnson v. LaGrange State Bank* (1978), 73 Ill. 2d 342, 369, 383 N.E.2d 185, 197.

In the present case, the decedent and defendant had a prior arrangement, whereby defendant assisted decedent in paying decedent's bills. Shortly thereafter, decedent created the account by depositing all of the funds for the account. Furthermore, decedent maintained complete control over the account, making all the deposits and the only withdrawal. Defendant never accessed the account. Finally, decedent demonstrated behavior, when he filed suit to recover the $83,000, which is contrary to the notion that he intended to make a present gift of the money he had deposited into the account.

Significantly, these facts highlight the parties' behavior at all relevant times: before the establishment of the account, during the life of the account and after the withdrawal of the $83,000. The before, during and after views demonstrate that the account at issue was established by decedent to enable defendant to only draw from the account at the direction and for the benefit of the decedent. This is the very definition of a convenience account. (See *In re Estate of Mocny* (1993), 257 Ill. App. 3d 291, 296, 630 N.E.2d 87, 92.) Thus, the facts brought out in plaintiff's case demonstrate by clear and convincing evidence that the account was established as a convenience account. The trial court's finding was, therefore, against the manifest weight of the evidence.

We next address plaintiff's contention that the trial court erred when it found that no fiduciary relationship existed between defendant and the decedent Knaffle. It appears that the plaintiff relies on the concept of a fiduciary relationship in an attempt to rebut the presumption of donative intent attendant to the creation of a joint account. As discussed above, plaintiff adduced sufficient evidence to rebut this presumption. Hence, we do not express an opinion as to the trial court's ruling on the issue of a fiduciary relationship.

Finally, we address plaintiff's contention that the trial court erred when it denied plaintiff's motion to order defendant to answer more completely a certain interrogatory. Plaintiff served the following interrogatory on defendant on September 29, 1989:

> "1. Did Joseph Knaffle give you a gift or gifts of money? If so, for each gift, please state:

\* \* \*

d. The amount of money paid to the Internal Revenue Service or the Illinois Internal Revenue Service as income tax on the interest earned of said gift, and the taxable year said tax was paid."

Defendant answered this interrogatory "undetermined." Plaintiff then brought a motion to compel a more complete answer, which the trial court denied.

The proper basis for a trial court's ruling on a motion to compel discovery is whether the information sought is relevant to the pending matter. (See 134 Ill. 2d R. 201(b).) A trial court's ruling on a motion to compel discovery will stand absent an abuse of discretion. (*First United Bank v. Hofmann* (1992), 227 Ill. App. 3d 1036, 1038-39, 591 N.E.2d 915, 917.) In the present case, the relevancy of the information sought in the interrogatory is plain; it seeks information which would tend to establish whether defendant had an ownership interest in the account. If defendant paid tax on the interest earned from the savings account, one could reasonably infer that defendant had an ownership interest in the account. The converse, although not creating as strong an inference, is also true. If defendant did not pay tax on the interest earned from the account, it may suggest that defendant did not have an ownership interest in the account. Accordingly, the trial court abused its discretion when it denied plaintiff's motion to compel a more complete answer to the interrogatory.

For the foregoing reasons, the trial court's finding in favor of the defendant and the trial court's ruling addressed in this opinion are reversed. The case is remanded for a new trial.

Reversed and remanded.

GREIMAN, P.J., and TULLY, J., concur.